CRABTREE (CLARKE v.). See Case No. 2,-847.

## Case No. 3,315.

### CRABTREE v. NEFF.

[1 Bond, 554.][1]

Circuit Court, S. D. Ohio. June Term, 1863.

CORRECTION OF JUDGMENT—COSTS—TAXATION.

1. Where a judgment was entered for a plaintiff, with costs, the court will not, at a subsequent term, revise or correct it as to the costs; though being for less than $500, the plaintiff was not entitled to such judgment.

2. A retaxation will not be ordered, on the ground that the clerk has not discriminated be-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 2,847.]

[1] [Reported by Lewis H. Bond, Esq.]

tween the costs of the plaintiff and those of the defendant.

3. The practice of taxing the entire cost to the losing party, without discrimination, has always prevailed in this court; and, until otherwise provided by law or obligatory rule of court, will not be changed. It is, prescriptively, at least, the law of this court.

[Action by John Crabtree against the executors of William Neff.]

R. M. Corwine, for plaintiff.
M. H. Tilden, for defendants.

OPINION OF THE COURT: This is a motion by the defendants to retax the costs, or in effect to vacate a judgment as to costs, rendered by this court several terms since. The jury, on the trial of the case, returned a verdict in favor of the plaintiff for less than five hundred dollars, and a judgment, including costs, was entered against the defendants. There is no doubt that the judgment against the defendants for costs was erroneous. It was entered inadvertently, and without being noticed by the counsel. The statute is explicit in providing that a judgment for less than five hundred dollars shall not carry costs. And if, at the term at which the judgment was entered, a motion had been made to vacate or amend it, as to the costs, it would have been so ordered.

The question now is, whether, after several terms of the court have intervened since the judgment was entered. it is competent for the court to revise or amend it. There can be no doubt that the judgment, awarding costs to the plaintiff, is a substantial part of the judgment in the case. It has the same legal effect as the judgment on the verdict for the sum returned by the jury. In the case of Bank of U. S. v. Moss, 6 How. [47 U. S.] 31, the supreme court decided that a court can not revise or correct a judgment entered at a prior term, even where the court rendering the judgment had not jurisdiction of the case. This doctrine has been recognized and affirmed by repeated decisions of that court, and is the settled law. not only in the courts of the United States, but in the courts of the states, with perhaps one exception.

But there is another ground on which it is insisted the motion for a retaxation of the costs must be sustained. It is objected to the taxation that it does not discriminate between what are properly the costs of the plaintiff and the defendants' costs. While the theory of taxation contended for by counsel, as sanctioned by the common law, is correct, there is no statute, or rule of court, making it imperative on the court. The practice of taxing the entire cost of the case to the losing party, has prevailed in this court from its organization, unless the judgment provides specially for an apportionment of the costs between the parties. This may now be regarded, prescriptively at least, as the law of this court. It would be attended with great inconvenience now to change a practice so long and so uniformly adopted. Nothing short of direct legislation on the subject, or some rule obligatory on the court, would justify the change. The motion for retaxation is overruled.