# EX PARTE PETERSON, AS RECEIVER OF THE INTERSTATE COAL COMPANY, INC., PETITIONER.

## ON PETITION FOR WRIT OF MANDAMUS AND/OR WRIT OF PROHIBITION.

No. 28, Original. Argued March 15, 1920.—Decided June 1, 1920.

The question whether an order of the District Court appointing an auditor in a law case will operate to deprive a party of the right of trial by jury, may be determined by this court on application for a mandamus and prohibition. P. 305.

In an action at law for goods sold and delivered, involving a counterclaim and many items of cross account between the parties, it is within the power of the District Court, when necessary to a proper consideration of the case by court and jury, to appoint, without consent of parties, an auditor to examine books and papers, make computations, and hear testimony, and whose report shall separate the disputed from the undisputed items, express an opinion on those in dispute and, while leaving the parties as free to call, examine and cross examine witnesses as if it had not been made, shall function as *prima facie* evidence of the facts found and conclusions reached, unless rejected by the court. P. 306.

While, prior to the adoption of the Constitution, auditors, so empowered, were not appointed either in England or in any of the Colonies in connection with trial by jury, their employment does not violate the Seventh Amendment, since it works no obstruction of the right of trial by jury, and the Amendment does not require that old forms of practice and procedure be retained. P. 307.

An order of court, like a statute, is not unconstitutional because it endows an official act or finding with a presumption of regularity or of verity. P. 311.

The auditor is an officer of the court which appoints him; the proceedings before him are subject to its supervision, and the report may be used only if, and so far as, acceptable to the court. P. 312.

In the absence of any controlling act of Congress, the power to make

a compulsory reference to simplify and clarify the issues and make tentative findings is possessed by the District Court inherently, at law as in equity. P. 312.

In the absence of any state or federal statute, or rule of court, excluding them, the fees of an auditor in a case at law and the expense of his stenographer, are taxable as costs. P. 314.

But such costs cannot be taxed in whole or in part against the prevailing party, the rule of the federal courts at law being that that party is entitled to the entire costs in the trial court and that the court is without power to apportion them. P. 317.

Error in apportioning costs *held* not to require remedy by mandamus or prohibition, a suitable remedy being available by application to the District Court or, after final judgment, by writ of error from the Court of Appeals. P. 319.

Rule discharged; petition denied.

THE case is stated in the opinion.

*Mr. Abram J. Rose,* with whom *Mr. Anthony L. Williams* was on the brief, for petitioner:

The order appointing the auditor is in direct conflict with the Seventh Amendment and the acts of Congress regulating trials of actions at law in the federal courts and altogether without power and void. In accordance with that Amendment, Congress has prescribed how trials in actions at law in the federal courts shall be had. Rev. Stats., §§ 648, 649, 700, 861, 863, 866. These sections constitute within themselves a perfect and complete system governing the federal courts in the trial of civil causes. *Hodges* v. *Easton,* 106 U. S. 408; *Baylis* v. *Travellers' Insurance Co.,* 113 U. S. 316; *Capital Traction Co.* v. *Hof,* 174 U. S. 1.

The hearing ordered is neither a trial by the court, nor by a referee, nor by an arbitrator, nor any other proceeding contemplated by the Constitution and the acts of Congress for the disposition of common-law cases. It obviously is not a trial by jury. *Capital Traction Co.* v. *Hof, supra.*

Nor is it a determination by the court without the intervention of a jury. Neither the parties nor their attorneys of record have filed with the clerk a stipulation in writing waiving a jury. On the contrary, the order was granted against the objection and protest of the plaintiff.

Nor is it a hearing before the "auditor" as an arbitrator or referee, as such a proceeding must derive its whole efficacy from the consent of the parties.

Nor does it conform to the requirements of Rev. Stats., § 861, that the mode of proof in trial of actions at common law shall be by oral testimony and examination of witnesses in open court.

Nor is it a deposition *de bene esse* under Rev. Stats., § 863, or a *dedimus potestatem* according to common usage under § 866.

The proceeding, therefore, clearly is not one provided for by the Constitution or by the acts of Congress for the disposition of an action at law.

It is true the auditor is "not to finally determine any of the issues in this action"; but in order to accomplish any purpose whatsoever the report of the auditor must at least be regarded as evidence, 254 Fed. Rep. 625. But as evidence it would be wholly incompetent, not being procured or based upon oral testimony and examination of witnesses in open court and being neither a deposition *de bene esse* nor a commission under a *dedimus potestatem*. At best it would be a record of the statements of persons before an officer unknown to the federal law, to whom no statute gives the right to administer an oath, and for false swearing before whom no punishment could be imposed, to whose rulings on the evidence no exception could be taken that could legally be reviewed, and whose report would be without force or effect as evidence or for any other purpose.

It is claimed that in the federal courts where a jury trial is a constitutional right in an action at law, an

auditor's report can be used as an aid to the court and jury as a method of simplifying the issues. In the present case. there are no issues which need to be simplified for a proper hearing and determination before the court and jury, or at least none which could not be simplified by a bill of particulars as well, if not better, than by a hearing before the auditor. If, however, the fact were otherwise, the order is wholly without power and altogether void. *Howe Machine Co.* v. *Edwards*, 15 Blatchf. 402; *Sulzer* v. *Watson*, 39 Fed. Rep. 414; *Swift & Co.* v. *Jones*, 145 Fed. Rep. 489; *Ex parte Fisk*, 113 U. S. 713.

The cases cited in support of the order by the court below are either distinguishable on their facts or in direct conflict with the Constitution and acts of Congress referred to. Distinguishing: *Davis* v. *St. Louis & S. F. Ry. Co.*, 25 Fed. Rep. 786; *Fenno* v. *Primrose*, 119 Fed. Rep. 801; *Corporation of St. Anthony* v. *Houlihan*, 184 Fed. Rep. 252; *Craven* v. *Clark*, 186 Fed. Rep. 959; *Vermeule* v. *Reilly*, 196 Fed. Rep. 226; *United States* v. *Wells*, 203 Fed. Rep. 146.

A writ of mandamus or of prohibition is the proper remedy. *Ex parte Simons*, 247 U. S. 231; *McClellan* v. *Carland*, 217 U. S. 268; *Virginia* v. *Rives*, 100 U. S. 313; *Virginia* v. *Paul*, 148 U. S. 107; *Ex parte Metropolitan Water Co.*, 220 U. S. 539.

*Mr. George Zabriskie* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is a petition for a writ of mandamus and / or prohibition brought by Walter Peterson, receiver of the Interstate Coal Company, against the Honorable Augustus N. Hand, Judge of the District Court of the United States for the Southern District of New York. The facts and the specific relief sought are these:

Peterson had brought an action at law in that court against Arthur Sidney Davison to recover a balance of $21,014.43, alleged to be due for coal sold and delivered as shown by a long schedule annexed. The answer substantially admitted the items set forth in the schedule filed by plaintiff, but denied that it presented a full account of the transactions between the parties and alleged that there were other deliveries of coal and other payments which the defendant had made, and also that he was entitled to additional allowances. It further alleged, by way of counter claim, that the plaintiff was indebted to him for failure to perform its contracts for coal in the sum of $9,999.10. In response to a demand for a bill of particulars, defendant filed schedules containing more than two hundred items which he proposed to establish by way of defense.

Upon motion of defendant and against the objection of plaintiff, Judge Hand appointed an auditor (254 Fed. Rep. 625):

"With instructions to make a preliminary investigation as to the facts; hear the witnesses; examine the accounts of the parties, and make and file a report in the Office of the Clerk of this Court with a view to simplifying the issues for the jury; but not to finally determine any of the issues in this action; the final determination of all issues of fact to be made by the jury on the trial; and the Auditor to have power to compel the attendance of, and administer the oaths to, witnesses; the expense of the Auditor, including the expense of a stenographer, to be paid by either or both parties to this action, in accordance with the determination of the Trial Judge."

The auditor was further ordered to report on certain facts under ten classifications. The design of this was largely to separate items in dispute from those as to which there was no real dispute and, also, to set forth the detailed facts on which the specific claims made were rested;

but the auditor was also thereby required to express his opinion on disputed issues, thus:

"6. The various penalties, commissions, cash discounts, and other deductions which defendant claims to be entitled to deduct from the invoice price of the various shipments, the items thereof which are admitted by plaintiff as proper deductions, and the items in dispute, with his opinion as to each of such disputed items.

"7. His opinion as to the net amount due on each invoice of coal sold and delivered to defendant."

Thereupon, application was made here for leave to file this petition. It prays that Judge Hand and the auditor named be prohibited from proceeding under the order appointing him; and it prays also, that Judge Hand, or such other judge who may at the time hold the trial term of that court, be commanded to restore the case to the trial calendar and that the same be tried in the regular and usual way. Leave to file the petition was granted January 12, 1920, and an order to show cause issued. The petitioner insists that the District Court is without power to make the order appointing the auditor and that proceedings thereunder would violate the Seventh Amendment to the Federal Constitution.

*First:* Objection is made by respondent to the jurisdiction of this court. It is insisted that the District Court had jurisdiction of the parties and of the cause of action; that if the auditor should proceed to perform the duties assigned to him and his report should be used at the trial before the jury, the plaintiff could protect his rights by exceptions which would be subject to review by the Circuit Court of Appeals; and that the writs prayed for may not be used merely to correct errors. But if proceedings pursuant to the appointment of an auditor would deprive petitioner of his right to a trial by jury, the order should, as was said in *Ex parte Simons*, 247 U. S. 231, 239, "be dealt with now, before the plaintiff is put to the difficulties

and the Courts to the inconvenience that would be raised by " a proceeding "that ultimately must be held to have been required under a mistake." The objection to our jurisdiction is unfounded. We proceed, therefore, to the consideration of the merits of the petition.

*Second:* The question presented is one of power in the District Court. If, under any circumstances, it could appoint an auditor with the duties here prescribed without the consent of the parties, the facts clearly warranted such action in this instance. The plaintiff sued for a balance alleged to be due on an account annexed containing 298 items. The defendant set up another account containing 402 items. Included in the latter, besides certain charges against defendant for additional deliveries, were over 30 cash items of credit not allowed for in the plaintiff's account. These 402 items were alleged to arise out of 123 different deliveries of cargoes (or partial cargoes) of coal made on 91 different days during a period of eleven months. The coal delivered was of various kinds and the invoice prices for the same kind differed from time to time. In respect to most of these deliveries, there were claims for allowances by way of penalties, commissions and cash discounts; and, as to some, there were claims for allowances on account of freight.

The District Court found that in order to render possible an intelligent consideration of the case by court and jury it was necessary to appoint an auditor and confer upon him two functions. The first was to segregate those items upon which the parties agreed and to classify those actually in controversy; and thus, having defined the issues, to aid court and jury by directing their attention to the matters in dispute. The second function of the auditor was to form a judgment and express an opinion upon such of the items as he found to be in dispute. In order to perform these functions the auditor would be required not merely to examine books, vouchers and

other papers and to make computations, but to hear and
pass upon conflicting testimony of the parties and of other
witnesses.   This full hearing, while obviously necessary
to enable the auditor to form a trustworthy judgment
on the disputed items, would serve also to narrow the
field of controversy.   For such a tentative trial acts as a
sifting process by which misunderstandings and miscon-
ceptions as to facts are frequently removed.   In the
course of it many contentions or assumptions made by
one party or the other are abandoned.   Agreement is thus
reached as to some of the facts out of which liability is
alleged to arise, even when the items to which they relate
remain in dispute.   See *Fair* v. *Manhattan Insurance Co.*,
112 Massachusetts, 329.

The order expressly declared that the auditor should
not "finally determine any of the issues in this action;
the final determination of all issues of fact to be made by
the jury on the trial;" but it did not provide affirmatively
what use should be made of the report at the trial.   It may
be assumed that, if accepted by the court, the report
would be admitted at the trial before the jury as *prima
facie* evidence both of the evidentiary facts and of the
conclusions of fact therein set forth.   The report being
evidence sufficient to satisfy the burden of proof (*Wyman*
v. *Whicher,* 179 Massachusetts, 276) would tend to dis-
pense with the introduction at the trial before the jury
of evidence on any matter not actually in dispute.   The
appointment of the auditor would thus serve to shorten
the jury trial, by reducing both the number of facts to
be established by evidence and the number of questions
in controversy.   A more intelligent consideration of the
issues submitted to the jury for final determination would
result.

*Third:* Prior to the adoption of the Federal Constitu-
tion there did not exist in England, or so far as appears
in any of the colonies, any officer, permanent or temporary,

who, in connection with trials by jury, exercised the powers of an auditor above described. An official called "auditor" had long been known as part of the judicial machinery in certain cases brought in the common-law courts both of England and of the colonies; but the functions of the auditor in those cases were different. In the common-law action of account auditors were appointed in England, from the earliest times, to take the account, after the interlocutory judgment *quod computet* had been entered. But the parties were entitled to a jury trial before the interlocutory judgment was rendered; and further issues of fact arising before the auditor were not passed upon by him, but were certified to the court for trial by a jury. The use of this form of action was limited to cases where the defendant was under obligation to account to the plaintiff as guardian, bailiff, or receiver of his property.[1] In Maryland, by Act of 1785, c. 80, § 12, the power of the court to appoint auditors was extended to all cases in which it might be necessary to examine and determine accounts; but the jury trial was not affected thereby, for the proceedings thereon were to be "as in cases of account."[2] In Connecticut auditors were appointed by the court in actions of "book debt"—and the same practice was early introduced in Vermont and other States; but in this action the report of the auditor, if accepted by the court, is a substitute for the jury and operates to determine the issues of fact.[3] In New York

---

[1] See Prof. Langdell, 2 Harvard Law Review, 241, 251–255; *Holmes v. Hunt*, 122 Massachusetts, 505, 512.

[2] See *United States v. Rose*, 2 Cranch C. C. 567; *Barry v. Barry*, 3 Cranch C. C. 120; *Bank of United States v. Johnson*, 3 Cranch C. C. 228. The report was not admitted before the jury as *prima facie* evidence of the truth of the statements or conclusions of the auditor. *McCullough v. Groff*, 2 Mackey (D. C.), 361, 366.

[3] *Sulzer v. Watson*, 39 Fed. Rep. 414; Connecticut General Statutes, § 5752 (ed. of 1918); Act of Vermont, October 21, 1782, Slade's Ver-

actions on long accounts are determined now, as in colonial days, by referees instead of by a jury.[1]

The office of auditor with functions and powers like those here in question was apparently invented in Massachusetts. It was introduced there by c. 142 of the Acts of the Legislature of the year 1818; and as a part of the judicial machinery it has received the fullest development in that State. No act of Congress has specifically authorized the adoption of the practice in the federal courts. We have therefore to decide, not only whether such appointment of auditors is consistent with the constitutional right of trial by jury, but also whether it is a power inherent in the District Court as a trial court.

*Fourth:* The command of the Seventh Amendment that "the right of trial by jury shall be preserved" does not require that old forms of practice and procedure be retained. *Walker* v. *New Mexico & Southern Pacific R. R. Co.,* 165 U. S. 593, 596. Compare *Twining* v. *New Jersey,* 211 U. S. 78, 101. It does not prohibit the introduction of new methods for determining what facts are actually in issue, nor does it prohibit the introduction of new rules of evidence. Changes in these may be made. New de-

---

mont State Papers, 456; *Hall* v. *Armstrong,* 65 Vermont, 421; Missouri, Wagner's Stat. 1041, § 18; *Edwardson* v. *Garnhart,* 56 Missouri 81.

[1] *Steck* v. *Colorado Fuel & Iron Co.,* 142 N. Y. 236. This fact has no bearing on the constitutional question involved here. The right to a jury trial guaranteed in the federal courts is that known to the law of England, not the jury trial as modified by local usage or statute. *United States* v. *Wonson,* 1 Gall. 5, 20; *Capital Traction Co.* v. *Hof,* 174 U. S. 1, 8; see also *United States* v. *Rathbone,* 2 Paine, 578; *Howe Machine Co.* v. *Edwards,* 15 Blatchf. 402; *Sulzer* v. *Watson,* 39 Fed. Rep. 414; *United States* v. *Wells,* 203 Fed. Rep. 146, 149.

In *Davis* v. *St. Louis & S. F. Ry. Co.,* 25 Fed. Rep. 786, a case involving a long account, a referee was appointed to report; apparently to determine the facts in accordance with the practice prevailing in Kansas where the court was sitting.

vices may be used to adapt the ancient institution to present needs and to make of it an efficient instrument in the administration of justice.[1] Indeed, such changes are essential to the preservation of the right. The limitation imposed by the Amendment is merely that enjoyment of the right of trial by jury be not obstructed, and that the ultimate determination of issues of fact by the jury be not interfered with.

In so far as the task of the auditor is to define and simplify the issues, his function is, in essence, the same as that of pleading. The object of each is to concentrate the controversy upon the questions which should control the result. *United States* v. *Gilmore*, 7 Wall. 491, 494; *Tucker* v. *United States*, 151 U. S. 164, 168. No one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined. It does not infringe the constitutional right to a trial by jury, to require, with a view to formulating the issues, an oath by each party to the facts relied upon. *Fidelity & Deposit Co.* v. *United States*, 187 U. S. 315. Nor does the requirement of a preliminary hearing infringe the constitutional right, either because it involves delay in reaching the jury trial or because it affords opportunity for exploring in advance the evidence which the adversary purposes to introduce before the jury. *Capital Traction Co.* v. *Hof*, 174 U. S. 1. In view of these decisions it cannot be deemed an undue obstruction of the right to a jury trial to require a preliminary hearing before an auditor.

Nor can the order be held unconstitutional as unduly interfering with the jury's determination of issues of fact, because it directs the auditor to form and express an opinion upon facts and items in dispute. The report will, unless rejected by the court, be admitted at the jury trial as

---

[1] See "Trial by Jury and The Reform of Civil Procedure," by Prof. A. W. Scott, 31 Harvard Law Review, 669.

evidence of facts and findings embodied therein; but it will be treated, at most, as *prima facie* evidence thereof. The parties will remain as free to call, examine, and cross-examine witnesses as if the report had not been made. No incident of the jury trial is modified or taken away either by the preliminary, tentative hearing before the auditor or by the use to which his report may be put. An order of a court, like a statute, is not unconstitutional because it endows an official act or finding with a presumption of regularity or of verity. *Marx v. Hanthorn,* 148 U. S. 172, 182; *Turpin v. Lemon,* 187 U. S. 51, 59; *Reitler v. Harris,* 223 U. S. 437. In *Meeker v. Lehigh Valley R. R. Co.,* 236 U. S. 412, 430, it was held that the provision in § 16 of the Interstate Commerce Act making the findings and order of the Commission *prima facie* evidence of the facts therein stated in suits brought to enforce reparation awards, does not infringe upon the right of trial by jury. See also *Mills v. Lehigh Valley R. R. Co.,* 238 U. S. 473; *Chicago, Burlington & Quincy R. R. Co. v. Jones,* 149 Illinois, 361, 382. In the *Meeker Case* this court relied especially upon *Holmes v. Hunt,* 122 Massachusetts, 505, and called attention to the fact that there the statute making the report of an auditor *prima facie* evidence at the trial before a jury was held to be a legitimate exercise of legislative power over rules of evidence and in no wise inconsistent with the constitutional right of trial by jury.[1] The reasons for holding an auditor's report admissible as evidence are, in one respect, stronger than for giving such effect to the report of an independent tribunal like the Interstate Commerce

---

[1] Acts making findings in the tentative hearing before an auditor *prima facie* evidence were held not to infringe the right of trial by jury in Maine; *Howard v. Kimball,* 65 Maine, 308, 327; and in New Hampshire; *Doyle v. Doyle,* 56 N. H. 567; *Perkins v. Scott,* 57 N. H. 55. A different conclusion was reached in *Francis v. Baker,* 11 R. I. 103, and *Plimpton v. Town of Somerset,* 33 Vermont, 283.

Commission. The auditor is an officer of the court which appoints him. The proceedings before him are subject to its supervision, and the report may be used only if, and so far as, acceptable to the court.

That neither the hearing before the auditor, nor the introduction of his report in evidence abridges in any way the right of trial by jury was the conclusion reached in 1902 in the District of Massachusetts in *Primrose* v. *Fenno*, 113 Fed. Rep. 375; 119 Fed. Rep. 801, the first reported case in which an auditor was appointed with the powers here conferred. The practice there established has been followed in the Southern District of New York, *Vermeule* v. *Reilly*, 196 Fed. Rep. 226; and in the Eastern District of Tennessee, *United States* v. *Wells*, 203 Fed. Rep. 146.

*Fifth:* There being no constitutional obstacle to the appointment of an auditor in aid of jury trials, it remains to consider whether Congress has conferred upon District Courts power to make the order. There is here, unlike *Ex parte Fisk*, 113 U. S. 713, no legislation of Congress which directly or by implication forbids the court to provide for such preliminary hearing and report. But, on the other hand, there is no statute which expressly authorizes it. The question presented is, therefore, whether the court possesses the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.

Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties. Compare *Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Massachusetts, 80, 87–90. This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause. From the commencement of our Government, it has been exercised by the federal courts, when sitting in equity, by

appointing, either with or without the consent of the parties, special masters, auditors, examiners and commissioners. To take and report testimony; to audit and state accounts; to make computations; to determine, where the facts are complicated and the evidence voluminous, what questions are actually in issue; to near conflicting evidence and make finding thereon; these are among the purposes for which such aids to the judges have been appointed. *Kimberly v. Arms,* 129 U. S. 512, 523. Whether such aid shall be sought is ordinarily within the discretion of the trial judge; but this court has indicated that where accounts are complex and intricate, or the documents and other evidence voluminous, or where extensive computations are to be made, it is the better practice to refer the matter to a special master or commissioner than for the judge to undertake to perform the task himself. *Heirs of P. F. Dubourg de St. Colombe v. United States,* 7 Pet. 625; *Chicago, Milwaukee & St. Paul Ry. Co. v. Tompkins,* 176 U. S. 167, 180. Of the appointment made in *Field v. Holland,* 6 Cranch, 8, 21, Mr. Chief Justice Marshall said: "It is a reference to 'auditors,' a term which designates agents or officers of the court, who examine and digest accounts for the decision of the court. They do not decree, but prepare materials on which a decree may be made." And in *Railroad Company v. Swasey,* 23 Wall. 405, 410, Mr. Chief Justice Waite said of the master's report: "Its office is to present the case to the court in such a manner that intelligent action may be there had, and it is this action by the court, not the report, that finally determines the rights of the parties."

What the District Judge was seeking when he appointed the auditor in the case at bar was just such aid. He required it himself; because without the aid to be rendered through the preliminary hearing and report, the trial judge would be unable to perform his duty of defining to the jury the issues submitted for their determination and

of directing their attention to the matters actually in issue. *United States* v. *Philadelphia & Reading R. R. Co.,* 123 U. S. 113, 114. The hearing and report were also essential as shown above to enable the jury to perform their specific duty. Owing to the difference in the character of the proceedings and of the questions ordinarily involved, the occasion for seeking such aid as is afforded to a judge by special masters, auditors or examiners arises less frequently at law than in equity. A compulsory reference with power to determine issues is impossible in the federal courts because of the Seventh Amendment, *United States* v. *Rathbone,* 2 Paine, 578, but no reason exists why a compulsory reference to an auditor to simplify and clarify the issues and to make tentative findings may not be made at law, when occasion arises, as freely as compulsory references to special masters are made in equity. Reference of complicated questions of fact to a person specially appointed to hear the evidence and make findings thereon has long been recognized as an appropriate proceeding in an action at law. *Heckers* v. *Fowler,* 2 Wall. 123. The inherent power of a federal court to invoke such aid is the same whether the court sits in equity or at law. We conclude, therefore, that the order, in so far as it appointed the auditor and prescribed his duties, was within the power of the court.

*Sixth:* The clause in the order which provides that "the expense of the Auditor, including the expense of a stenographer, (to) be paid by either or both parties to this action, in accordance with the determination of the Trial Judge" requires special consideration. As Congress [1] has made

---

[1] In Massachusetts the expense of the auditor was prior to 1878 taxed in all cases as costs to be paid by the defeated party. See Acts of 1818, c. 142; Rev. Stats. (1836), c. 96, § 31; Gen. Stats. (1860), c. 121, § 50; Act of March 16, 1867, c. 67; Act of June 6, 1873, c. 342. By Act of April 23, 1878, c. 173, the expense of the auditor in cases tried in the Superior or in the Supreme Judicial Court was made payable by the

no provision for paying from public funds either the fees of auditors or the expense of the stenographer, the power to make the appointment without consent of the parties is practically dependent upon the power to tax the expense as costs. May the compensation of auditor and stenographer be taxed as costs; and, if so, may the expense be imposed in the discretion of the trial court upon either party?

Federal trial courts have, sometimes by general rule, sometimes by decision upon the facts of a particular case, included in the taxable costs expenditures incident to the litigation which were ordered by the court because deemed essential to a proper consideration of the case by the court or the jury. Equity Rule 68 provides for taxing the fees of masters and Rule 50 for the expense of a stenographer. Both rules embody substantially the practice which had theretofore prevailed generally in equity proceedings, and which in the Southern District of New York had been followed not only in equity, *American Diamond Drill Co.* v. *Sullivan Machine Co.*, 32 Fed. Rep. 552; 131 U. S. 428; *Brickill* v. *Mayor, etc., of City of New York*, 55 Fed. Rep. 565; *Hohorst* v. *Hamburg-American Packet Co.*, 76 Fed. Rep. 472; but also in admiralty, *The E. Luckenback*, 19 Fed. Rep. 847; *Rogers* v. *Brown*, 136 Fed. Rep. 813. The expense of printing the records and briefs in the trial court has been made by rule of court in

county. See also Rev. Laws (1902), c. 165, § 60; Act of June 5, 1911, c. 237; Act of 1914, c. 576.

In Maine the fees of the auditor were prior to 1897 taxed as costs in favor of the prevailing party. Laws (1821), c. 59, § 25; Acts of 1826, c. 347, § 1; Rev. Stats. (1883), c. 82, § 70. Since the Act of March 12, 1897, c. 224, the fees and necessary expenses of the auditors are paid by the county.

In New Hampshire the fees of the auditor are also taxable as costs in favor of the prevailing party; but the court may now, in its discretion, order them paid by the county. Act of June 23, 1823, c. 19, § 1; Act of July 20, 1876, c. 35, § 4; Pub. Stats. (1901), c. 227, § 7.

several of the circuits taxable as costs against the defeated party, *Hake* v. *Brown*, 44 Fed. Rep. 734. Compare *Kelly* v. *Springfield Ry. Co.*, 83 Fed. Rep. 183; *Tesla Electric Co.* v. *Scott*, 101 Fed. Rep. 524. As early as 1843 Mr. Justice Story, sitting at circuit in *Whipple* v. *Cumberland Cotton Manufacturing Co.*, 3 Story, 84, approved, in an action at law for damages, although not specially authorized by any rule, the order of a survey, as "necessary for the true understanding of the cause on both sides; " and ordered the expense paid by them. In cases in which courts have refused to tax as costs copies of stenographer's minutes and other expenditures incident to the litigation, attention has been called to the fact that they were made for the benefit of the party as distinguished from expenditures incurred under order of the court to make possible or to facilitate its consideration of the case. *Stallo* v. *Wagner*, 245 Fed. Rep. 636; *New Hampshire Land Co.* v. *Tilton*, 29 Fed. Rep. 764. But see *Bridges* v. *Sheldon*, 7 Fed. Rep. 17, 42.

The allowance of costs in the federal courts rests not upon express statutory enactment by Congress, but upon usage long continued and confirmed by implication from provisions in many statutes. Mr. Justice Woodbury in *Hathaway* v. *Roach*, 2 Woodb. and M. 63; Mr. Justice Nelson in *Costs in Civil Cases*, 1 Blatchf. 652; *The Baltimore*, 8 Wall. 377. In *Hathaway* v. *Roach*, p. 67, it is said to have been the usage of the federal courts "to conform to the state laws as to costs, when no express provision has been made and is in force by any act of Congress in relation to any particular item, or when no general rule of court exists on this subject." And in *The Baltimore*, pp. 390–391, this court stated that "the costs taxed in the Circuit and District Courts were the same as were allowed at that time in the courts of the State, including such matters as travel and attendance of the parties, fees for copies of the case, and abstracts for the hearing, compensation for the

services of referees, auditors, masters, and assessors, and many other matters not embraced in the fee bills, since passed by Congress." [1] Neither the Act of February 26, 1853, c. 80, 10 Stat. 161, Rev. Stats., § 983, nor any later act of Congress or rule of court deals expressly or by implication with the subject of taxing as costs the expense of an auditor. The practice, if any, governing in this respect the courts of New York would, therefore, be followed in the federal courts. See *Huntress* v. *Town of Epsom*, 15 Fed. Rep. 732. But, so far as appears, the preliminary hearing before an auditor in aid of jury trials is not a part of the judicial machinery of that State. The nearest analogy to it is the reference had in actions at law on long accounts as a substitute for a jury trial. The expense of the compulsory reference in such actions is so taxable. Code Civ. Proc., § 3256. As there is no statute, federal or state, and no rule of court excluding auditors' fees and the expense of his stenographer from the items taxable as costs, no reason appears why they may not be included, like other expenditures ordered by the court with a view to securing an intelligent consideration of a case.

*Seventh:* The further question is whether the District Court had power to make the expense of the auditor taxable in whole or in part against the prevailing party, if the trial judge should so determine. The advantages of such a flexible rule are obvious. But general principles governing the taxation of costs in actions at law followed by the federal courts since their organization, preclude its adoption.

While in equity proceedings the allowance and imposition of costs is, unless controlled by statute or rule of court, a matter of discretion, it has been uniformly held

---

[1] *Shreve* v. *Cheesman*, 69 Fed. Rep. 785, 789; see also *Scatcherd* v. *Love*, 166 Fed. Rep. 53; *Michigan Aluminum Foundry Co.* v. *Aluminum Co. of America*, 190 Fed. Rep. 903, 904.

that in actions at law the prevailing party is entitled to costs as of right: (compare *United States* v. *Schurz,* 102 U. S. 378, 407), except in those few cases where by express statutory provision or by established principles costs are denied.[1] It has also been generally held that this right to costs of the prevailing party in actions at law extends to the *entire* costs in the trial court, and that the court is without power to make an apportionment based upon the fact that the prevailing party has failed in a part of his claims or that for other reasons only a part or none of the costs should in fairness be allowed.[2] This rule of practice established by long usage is confirmed by the language of § 983 of the Revised Statutes. It would, therefore, be held to prevail over a rule, if any, to the contrary established in the courts of the State. But the practice in the courts of New York appears to be in this respect in entire harmony with that of the federal courts.[3] In *Whipple* v. *Cumberland Cotton Manufacturing Co., supra,* the expense of the survey ordered by the court was imposed by it equally on the two parties; and the same disposition was made in *Primrose* v. *Fenno, supra,* where the auditor had been appointed at the instance of the court without objection by either party. But in *Houlihan* v. *Corporation of*

---

[1] For instance, Rev. Stats., § 968, denying costs to a plaintiff or petitioner who recovers less than $500.

[2] *Crabtree* v. *Neff,* 1 Bond, 554; *Hooe* v. *Alexandria,* 1 Cranch C. C. 98; *Bartels* v. *Redfield,* 47 Fed. Rep. 708; *Trinidad Asphalt Paving Co.* v. *Robinson,* 52 Fed. Rep. 347; *United States* v. *Minneapolis, etc., Ry. Co.,* 235 Fed. Rep. 951, 953; *West End St. Ry. Co.* v. *Malley,* 246 Fed. Rep. 625, 627; *Sears, Roebuck & Co.* v. *Pearce,* 253 Fed. Rep. 960, 962; *Wheeler* v. *Taft,* 261 Fed. Rep. 978.

[3] The general rule that in actions at law the prevailing party is entitled as of right to the taxable costs prevails in New York; and there is a further provision that when plaintiff demands a judgment for a sum of money only, the plaintiff, if prevailing, is entitled to the costs whether the suit be one at law or in equity. *Murtha* v. *Curley,* 92 N. Y. 359; *Norton* v. *Fancher,* 92 Hun, 463.

*St. Anthony,* 173 Fed. Rep. 496; 184 Fed. Rep. 252; where the auditor was appointed by consent of the parties, the same court taxed both the auditor's and the stenographer's fees against the losing party, holding that it had discretion, if it was not obliged to do so; and a petition for writ of certiorari was denied by this court; 220 U. S. 613.

Although the order was erroneous in declaring that the expense of the auditor shall, instead of abiding the result of the action, be paid by one or both of the parties in accordance with the determination of the trial judge, the error does not require that either of the extraordinary remedies applied for here be granted. If the petitioner deems himself prejudiced by the error he may get redress through application to the District Court for a modification of the order; or after final judgment, on writ of error, from the Circuit Court of Appeals. *In re Morrison,* 147 U. S. 14, 26. The petition for writs of mandamus and/ or prohibition is

*Denied.*

MR. JUSTICE McKENNA, MR. JUSTICE PITNEY and MR. JUSTICE McREYNOLDS dissent.