John F. **KNIGHT**, Jr., et al., Plaintiffs and Plaintiffs, Intervenors,

v.

The **STATE OF ALABAMA**, et al., Defendants.

**UNITED STATES** of America, Plaintiff,

v.

The **STATE OF ALABAMA**, et al., Defendants.

Civ. A. No. 83–M–1676.

United States District Court, N.D. Alabama, S.D.

Sept. 3, 1993.

James U. Blacksher, Birmingham, AL, for petitioners John F. Knight et al.

Larry T. Menefee, Montgomery, AL, for James U. Blacksher, et al.

C. Glenn Powell, Office of Counsel, University of Alabama System, Tuscaloosa, AL, for The Bd. of Trustees of the University of Alabama.

Jeffery A. Foshee, Richard N. Meadows, General Counsel, State Dept. of Educ., and Edward M. George, State Dept. of Postsecondary Educ., Montgomery, AL, for Wayne Teague Alabama State Bd. of Educ.

Joe R. Whatley, Jr., Cooper, Mitch, Crawford, Kuykendall & Whatley, and John C. Falkenberry, Birmingham, AL, for Alabama A & M University.

Solomon Seay, Jr., Montgomery, AL, and Armand Derfner, Charleston, S.C., for The Bd. of Trustees for Alabama State University.

J. Scott Greene, Bishop, Colvin & Sweeney, Birmingham, AL, for University of Montevallo.

Myland R. Engel, Engel, Walsh & Zoghby, and Maxey Roberts, University Atty., University of South Alabama, Mobile, AL, for University of South Alabama.

Ernest N. Blasingame, Jr., Florence, AL, for University of North Alabama.

Walter J. Merrill, Anniston, AL, for Jacksonville State University.

Thomas W. Thagard, Jr., Balch & Bingham, Montgomery, AL, and Edward Allen, Balch & Bingham, Birmingham, AL, for Auburn University.

William F. Murray, Jr., Burr & Forman, Birmingham, AL, and Richard F. Calhoun, Calhoun, Watkins & Clower, Troy, AL, for Troy State University.

J. Fredric Ingram, Burr & Forman, Birmingham, AL, for Livingston University.

Jack W. Selden, Ms. Caryl Privett, U.S. Attorneys' Office, Birmingham, AL, and Craig Crenshaw, Civ. Rights Div., Dept. of Justice, Mark Gross, Sr. Atty., Civ. Rights Div., Appellate Section, Washington, DC, for U.S.

## ORDER OF REFERENCE

HAROLD L. MURPHY, District Judge.

On December 30, 1991, the Court entered a Remedial Decree ("Decree") the purpose and design of which is the elimination of unconstitutional vestiges of segregation that survive in Alabama's system of higher education. The Court issued the Decree after making extensive factual findings regarding the nature and breadth of the vestiges of segregation that remain in the state's college and university system. *See Knight v. State Of Alabama,* 787 F.Supp. 1030 (N.D.Ala. 1991). The Decree covers all 16 baccalaureate and graduate institutions in the state and their respective boards of trustees. The Decree also covers one community college, the Alabama Commission on Higher Education, the Alabama Public School and College Authority, the Alabama State Board of Education, the Governor, and the State of Alabama. The Decree permanently enjoins the Defendants from maintaining any unconstitutional vestige of segregation and from engaging in any practice that has "the effect of impeding the desegregation of the state's institutions of higher education." *Id.* at 1378.

While requiring some immediate and specific acts by the Defendants, the Decree is sufficiently fluid to accommodate the changing circumstances and demands that will arise over the life of the Decree. Thus, the Court must ensure not only that the immediate mandates of the Decree are met, but that over time, the objectives of the Decree are achieved. This process will require considerable vigilance by the Court and the parties. This is the first college and university desegregation case in the country concerning vestiges of segregation to reach this stage of litigation and the issues that the Court must contend with are numerous and complex.

In 1992 the Court informed the parties that it was considering the appointment of a Monitor to aid it in overseeing the implementation and enforcement of the Remedial Decree entered in this case. Since that time, issues that have come to the attention of the Court and the magnitude of the supervision required to assure compliance with the Court's decree mandate the appointment of a Monitor to assist the Court in the efficient performance of its duties.

Such an appointment is within the Court's inherent power to enforce its own decrees. *See Ex parte Peterson*, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919 (1920); *Newman v. State of Alabama*, 559 F.2d 283, 290 (5th Cir.1977).

For the reasons stated and because of the complexities of the case, including the geographic dispersal of the parties and institutions involved in the case, the Court finds that sufficient exceptional circumstances exist to authorize the appointment of a Monitor. Therefore, pursuant to the Court's inherent power to enforce its own decrees, the Court appoints Carlos A. González, Esquire, to serve as its Monitor to oversee Defendants' compliance with the Court's December 30, 1991 Decree and any subsequent remedial decrees the Court issues.

The duties and responsibilities of the Monitor shall be as follows:

## I. *Duties and Responsibilities*

The duties of the Monitor shall be to observe, review, approve, report and make recommendations to the Court concerning compliance with the Decree and any subsequent modification of the Decree by this Court, the Court of Appeals or the Supreme Court. The Monitor may and should assist the parties in every possible way, and to this end he may confer informally with them and their counsel on matters affecting implementation and enforcement. In the performance of his duties the Monitor may mediate, conciliate and arbitrate in efforts to assure compliance with the decree. In order to accomplish these objectives, the Monitor shall have only the following powers:

### 1.

The Monitor shall have reasonable access to all records, files (computerized or otherwise) and papers maintained by the Defendants to the extent that such records, files and papers relate to any issue or fact concerning the implementation and enforcement of the Decree. Such access shall include, but not be limited to, documents relating to: (1) the racial composition of student bodies, faculties, and administrations; (2) minority faculty and administrator recruitment and retention; (3) annual state appropriations for higher education; (4) admissions policies; (5) tenure requirements; (6) the Alabama Commission on Higher Education's funding formula; (7) the Alabama Commission on Higher Education's program approval procedures and program approvals; (8) minority student recruitment and retention at the undergraduate, graduate, and professional level; (9) appointments to boards of trustees and the Alabama State Board of Education; (10) cooperative programs between institutions; (11) new facilities construction; and (12) program duplication.

All papers covered by the attorney/client privilege and the work product doctrine are, of course, exempt from this requirement. No Defendant institution shall be liable for release of any records to the Monitor pursuant to the terms of this Order.

### 2.

The Monitor may attend any Defendant's institutional meetings or proceedings relevant to compliance with the Court's Remedial Decree.

3.

The Monitor may require any party to respond in writing or orally to inquiries and requests relating to compliance. If such requests are deemed to be unreasonable or unduly burdensome, any affected party may seek a protective order from the Court.

4.

The Monitor may from time to time be required to investigate whether a defendant is complying with the requirements of the Decree. In doing so the Monitor is authorized, in his discretion, to conduct confidential interviews with Plaintiff class members, Defendants, or employees of any Defendants regarding compliance with the Decree.

While the Monitor has authority to conduct confidential interviews, the Court believes that such "confidential interviews" will be the exception.

5.

Within a reasonable time, the Monitor shall personally visit each Defendant institution. The Monitor shall tour each institution and any branches thereof and meet with appropriate faculty, staff, student and administrative personnel who are charged with implementing the Court's Decree. Counsel for the particular institution are to be present during the Monitor's visit to the institution.

The Monitor may, at his request, visit any or all of the physical facilities of such institution.

Also, within a reasonable time, the Monitor shall meet with representatives and counsel for the Governor's Office, the United States, the Knight Plaintiffs, the Alabama Commission on Higher Education, the Alabama State Board of Education, the State Superintendent of Education, and the Alabama Public School and College Authority. All meetings shall take place in Alabama.

The purpose of the institutional visits and the meetings with the various parties is to familiarize the Monitor with the institutions under the Decree, and to allow the Monitor to personally meet the parties and their representatives. These meetings shall not be used to present argument or evidence of compliance or noncompliance.

6.

With advance permission of the Court, the Monitor may hire independent experts to assist the Court in monitoring compliance with the Decree.

7.

In the discretion of the Court, the Monitor may attend hearings conducted by the Court and may also be included in all telephone conferences between the Court and the parties concerning issues relating to the enforcement and implementation of the Decree.

8.

In his discretion, the Monitor may request a meeting or conference with the Court to discuss compliance issues. The Court will use its discretion in deciding whether to invite counsel to such meetings.

9.

Any party may apply to the Court, on notice to the other parties and the Monitor, for a protective order against any activity of the Monitor. The Monitor may also apply to the Court for assistance if any party is hampering the Monitor's performance of his duties or the implementation of the Decree.

10.

All the actions of the Monitor and any experts employed by him shall be under the direct control and supervision of the Court. The Monitor has no authority to intervene in the administrative management of any of the Defendants. In addition, the Monitor is not empowered to prevent a party or a party's representative or agent from taking or refraining from taking any action. The sole power to direct compliance and to punish noncompliance remains with the Court at all times. The Monitor is charged, however, with reporting to the Court any action that he believes will hamper or thwart the implementation of the Decree.

11.

The Court may on occasion by separate written order refer specific matters to the Monitor for action as a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure.

II. *Reports and Objections*

1.

The Monitor shall promptly review, evaluate, and file a written report to the Court on the extent of compliance or noncompliance by the Defendants with the Court's Decree. Subsequently, on the annual anniversary of the Monitor's appointment, he shall submit to the Court a report on the extent of compliance or noncompliance by the Defendants with the Court's Decree. The report shall also include a description of the Monitor's activities for the proceeding year.

The Monitor shall provide the Court and all parties with a copy of his report. The parties will then have 30 days to submit written comments to the Court and the Monitor concerning the content of the report. In his discretion, the Monitor can then modify his report in any manner suggested by a party. The Monitor may also ignore the suggestions of the parties. All written comments and suggestions received by the Monitor in response to his report are to be included as an appendix to the Monitor's report to the Court. The Court, at its discretion, may make such report or reports, written comments, suggestions and modifications a part of the formal record in the Clerk's Office.

2.

Whether or not objections, written comments or suggestions to the Monitor's reports are filed, the Court retains the authority to reject, modify or accept any report by the Monitor.

3.

Findings of fact made by the Monitor shall only be binding upon the parties if the Court provides the parties with prior written notice that an action to be taken by the Monitor may lead to a finding of fact approved by the Court. Such notice shall provide for the due process rights of the parties, including the opportunity for a hearing by the Court.

4.

In addition to the copies now being furnished the Court, the parties shall also submit copies of all reports called for in the Court's Decree and copies of any pleadings filed in the case to the Monitor.

III. *Compensation*

The Monitor shall be compensated for his work at an hourly rate of $125.00 per hour and reimbursed for his actual expenses. The Monitor shall, however, be compensated at the lesser rate of $50.00 per hour for travel time. Defendants shall bear the costs of the Monitor as costs in this case. The costs shall be paid from the funds of the State of Alabama.

From the date of his appointment, the Monitor shall apply to the Court for compensation and reimbursement of expenses every two (2) months. The application shall include an itemized statement of the Monitor's services and expenses for the two month period. The Monitor shall also submit a copy of the application to Defendants.

Any party may file with the Court an objection to the application within 10 days of receipt of the application. If a party files an objection, the Court will take appropriate action which may include a hearing, and award the Monitor such compensation as the Court determines proper under the circumstances. If no party files an objection, the Court shall award the Monitor compensation consistent with his application. Defendants shall pay the Monitor within thirty (30) days of the date the Court approves and orders payment of compensation and expenses sought by the Monitor.

IT IS SO ORDERED.