**In re CS ASSOCIATES, d/b/a University Nursing & Rehabilitation Center, Debtor.**

**Raymond SILK, M.D., Appellant,**

v.

**Mitchell W. MILLER, Trustee, Appellee.**

Civ. A. No. 93–6247(CSG).
Bankruptcy No. 88–12842DAS.

United States District Court,
E.D. Pennsylvania.

May 31, 1994.

Edward J. Di Donato, Ciardi, Fishbone & Di Donato, Philadelphia PA, for trustee.

Mitchell W. Miller, Miller & Miller, Philadelphia, PA, trustee.

Marc J. Zucker, Mann, Ungar & Spector, J. Scott Victor, Saul, Ewing, Remmick & Saul, Philadelphia, PA, for Raymond Silk, M.D.

Robert J. Bush, Media, PA, for Eugene Spitz, M.D., Raymond Silk, M.D.

Eugene Spitz, M.D., pro se.

Frederic Baker, Philadelphia, PA, Asst. U.S. Trustee.

## *MEMORANDUM ORDER*

CLIFFORD SCOTT GREEN, Senior District Judge.

Presently before the Court is the appeal of Raymond E. Silk, M.D. from the Oct. 23, 1993 Order/Judgment of the Bankruptcy Court which entered judgment in favor of the Trustee and against Silk in the amount of approximately $1.5 million. This Court has

jurisdiction pursuant to 28 U.S.C. § 158.[1] For the reasons which follow, I will affirm the Order of the Bankruptcy Court.[2]

Appellant Silk raises three issues on appeal:

1) whether the Bankruptcy Court erred in failing to dismiss the Trustee's action under 11 U.S.C. § 723 as time-barred based on the statute of limitations in 11 U.S.C. § 546(a)(1);

2) whether the Bankruptcy Court erred in striking Silk's demand for a jury trial on the grounds that the § 723 action was equitable and applying equitable principles to the § 723 claim; and

3) whether the Bankruptcy Court erred in calculating the deficiency under § 723.

■■■ As to the statute of limitations question, I conclude that the Bankruptcy Court did not err in declining to dismiss the Trustee's § 723 deficiency claim as time-barred on statute of limitations grounds because the instant § 723 action is equitable in nature.[3] Thus, the only applicable rule of limitations is laches.[4] The resolution of the laches issue by the Bankruptcy Court is supported by the record and the applicable law supports the Court's conclusion that laches does not bar the Trustee's § 723 action because there was no lack of diligence by the Trustee in instituting this proceeding or prejudice to Silk.

■ As to the second issue, the Bankruptcy Court was correct in denying Silk a jury trial on the § 723 claim since, in the context of this case, the § 723 action is equitable in nature.[5]

■ On the question of the deficiency calculation, Silk's arguments clearly lack merit as the Bankruptcy Court acted within its equitable powers in calculating the deficiency

---

1. When reviewing a Bankruptcy Court decision, the District Court acts as an appellate court. Bankr. Rule 8013 (1984). Findings of fact will not be set aside unless clearly erroneous. *U.S. and I.R.S. v. Owens*, 84 B.R. 361 (E.D.Pa.1988). However, conclusions of law will be given plenary and de novo review. *E.g., Sapos v. Provident Inst. of Savings*, 967 F.2d 918, 922 (3d Cir.1992).

2. The factual and procedural background of this case is set forth in ample detail in the 10/21/93 opinion of the Bankruptcy Court. *In re CS Associates*, 160 B.R. 899, 900–04 (Bankr.E.D.Pa. 1993) ("*CS V*"). Thus, I need not re-state the factual and procedural background for purposes of this appeal.

3. Under the analytical framework set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989) and in the context of this case, we conclude that on balance this § 723 action is equitable in nature given that the § 723 action is essentially an action for an accounting, which was historically an equitable claim. *See* John N. Pomeroy, *A Treatise of Equity Jurisprudence* §§ 1333, 1336, 1413, 1415 (Spencer W. Symons ed., 5th ed. 1941); Henry L. McClintock, *Equity* §§ 210–12 (2d ed. 1948); *see also* G. Bispam, *The Principles of Equity: A Treatise of the System of Justice Administered in the Courts of Chancery* § 505, at 555–56 (4th ed. 1887); G. Spence, *The Equitable Jurisdiction of the Court of Chancery* § 2, at 665–66 (1846). More importantly, the Trustee in his § 723 complaint sought essentially equitable relief which is provided for under § 723. *See* Complaint, Doc. # 17, Record on Appeal. Moreover, in considering the ultimate relief granted by the Bankruptcy Court which allowed for future adjustments to the money judgment entered by that Court, it is apparent that equitable relief was granted to the parties.

4. Under federal law, it is well settled that "equity, in the absence of any statute of limitations made applicable to equity suits, has provided it own rule of limitations through the doctrine of laches...." *Russell v. Todd*, 309 U.S. 280, 287, 60 S.Ct. 527, 531, 84 L.Ed. 754 (citations omitted), *rehearing denied*, 310 U.S. 658, 60 S.Ct. 1091, 84 L.Ed. 1421 (1940); *Westinghouse Elec. Corp. by Levit v. Franklin*, 993 F.2d 349, 356 (3d Cir.1993); *Gruca v. United States Steel Corp.*, 495 F.2d 1252, 1257 (3d Cir.1974). Accordingly, it has been held that statutes of limitation are not controlling measures of exclusively equitable claims and that courts sitting in equity may only use such statutes to inform their determination of the issue of laches. *Holmberg v. Armbrecht*, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). Here, there is no federal statute of limitations made applicable—either expressly or through a borrowing analysis—to this § 723 action, which is equitable in nature, *see supra* note 3; nor is there such a statute of limitations applicable to equity actions in general. Thus, only laches is applicable to the instant § 723 action, and, this action is not time-barred based on the two-year statute of limitations in § 546(a)(1).

5. In addition, Silk is not entitled to a jury trial as there is no genuine issue of material fact identified by Silk that is triable to a jury. *See Ex parte Peterson*, 253 U.S. 300, 310, 40 S.Ct. 543, 546, 64 L.Ed. 919 (1920).

and allowing for future adjustments to that deficiency.[6]

ACCORDINGLY, this 26th day of May, 1994, IT IS ORDERED that the Order/Judgment of the Bankruptcy Court will be AFFIRMED and that the appeal of Appellant Dr. Raymond E. Silk will be DISMISSED.

---

**6.** Silk relies on two independent grounds in challenging the Bankruptcy Court's calculation of the deficiency. First, he argues that the creditor claims which are now time-barred as to him but which were not time-barred as against the partnership at the time the partnership filed for bankruptcy were improperly included in the deficiency. Second, he asserts that both tax liens of the City of Philadelphia which were to be paid from proceeds of the sale of the Debtor Partnership's real property and other claims not yet fixed in amount were also improperly included in the deficiency calculation. I conclude that the Bankruptcy Court's deficiency calculation is supported by the record and that Silk's legal arguments are unavailing for the reasons stated by the Bankruptcy Court in its opinion in *CS Associates*, 160 B.R. at 906–11.