**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2802
_____

GREGORY JANICKI,

Appellant

v.

WASHINGTON TOWNSHIP BOARD OF EDUCATION, 2019-MARCH 2022;
JOSEPH N. BOLLENDORF; SHAWNEQUA CARVALHO; PAUL ESPOSITO;
VIRGINIA MURPHY; CANDACE ZACHOWSKI; DANIELLE HALPIN;
KAREN GARRISON; RENEE POLLARD; RAYMOND DINOVI; JULIE KOZEMPEL;
JANINI WECHTER; BRIAN ELLIS; ELAYNE CLANCY; CONNIE BAKER;
NATALIE BEURY; STACEY DIMEO; KATHLEEN GALLINARO;
JONATHAN STROUT; JOSEPH BETLEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:22-cv-04389)
District Judge:  Honorable Karen M. Williams

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2025

Before: HARDIMAN, MONTGOMERY-REEVES, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: June 10, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Until 2020, pro se Appellant Gregory Janicki was employed as a tenured music teacher in the Washington Township, New Jersey, school district ("the District"). On February 3, 2020, the District filed eight tenure charges against Janicki, seeking his dismissal from his teaching position. In accordance with New Jersey's Tenure Employees Hearing Law, see N.J. Stat. Ann. § 18A:6-10, arbitration proceedings followed, during which Janicki was represented by counsel. At the conclusion of those proceedings, which "included motion practice, multiple days of hearings, witness testimonies, and the submission of closing argument in the form of briefing by both parties," D.Ct. ECF no. 63 at 4, the assigned arbitrator issued an opinion and award (the "Arbitration Award") finding just cause for the issuance of four of the tenure charges and for Janicki's dismissal.[1]

On March 25, 2022, the Washington Township Board of Education (the "Board") filed a complaint in the Superior Court of New Jersey, Chancery Division, to confirm the Arbitration Award. Janicki failed to respond. On May 11, 2022, the Superior Court

---

[1] The arbitrator found just cause as to Tenure Charges 1, 2, 3, and 5. Those charges alleged the unauthorized "distribut[ion] in the workplace [of] highly controversial propaganda from a fringe medical association" relating to transgender students and the adults who support them (charge 1); "a continuous and ongoing pattern of intolerance and/or antagonism toward individuals based on their sexual orientation, as well as their gender identity or expression" (charge 2); "intentional misrepresentations to administration when conducting investigations in order to hide and/or mitigate his misconduct" (charge 3); and "secretly tape recording" private conversations of district personnel, to which Janicki was not a participant, "in violation of the State's wiretapping laws" (charge 5). D.Ct. ECF No. 52-1 at 1-4.

confirmed the Arbitration Award and ordered that Janicki was "precluded from repudiating, rejecting, disclaiming, renouncing, contesting and/or challenging the factual findings, credibility findings and determination of just cause in the [Arbitration Award] … in any subsequent administrative, judicial, or arbitration proceedings." D.Ct. ECF No. 27-2 at 33-34.

In July 2022, after filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving notice of his right to sue, Janicki filed a civil action in the District Court against the Board, its individual members and attorney, and others. He alleged that he was wrongfully terminated from his teaching position due to religious discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964. See D.Ct. ECF No. 1; 42 U.S.C. § 2000e, et seq. As relief, Janicki sought reinstatement of his employment and $77,777,777.77 in damages.

Defendants filed motions to dismiss, which the District Court converted to motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Defendants asserted, inter alia, that Janicki's Title VII action was untimely, as well as precluded by the Arbitration Award. They further argued that the individual defendants could not be held liable under Title VII. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc) (concluding that "Congress did not intend to hold individual employees liable under Title VII"). After hearing oral argument on the motions, the District Court granted summary judgment in favor of the individual defendants, but reserved its ruling as to the Board pending further submissions and briefing.

3

The parties filed additional exhibits and supplemental briefing with the Court. In addition, Janicki filed a motion to amend his complaint, seeking to add defamation and First Amendment claims to his original complaint. On September 20, 2024, the District Court granted the Board's converted motion for summary judgment. It concluded that the Arbitration Award carried preclusive effect, barring Janicki's Title VII claims "relitigating the issues of religious discrimination and retaliation." D.Ct. ECF No. 63 at 23; cf. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480-85 (1982) (state court decisions rejecting employment discrimination claims may have preclusive effect in Title VII actions). The District Court also denied Janicki's motion for leave to amend his complaint, concluding that amendment would be futile. See D.Ct. ECF No. 63 at 32.

Janicki appeals.[2] We construe his pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). For the reasons that follow, we will affirm the decision of the District Court.

At the outset, we note that we will consider only those issues that Janicki has raised before this Court. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief); Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (citing Fed. R. App. P. 28, and noting that "a passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal"); Mala v. Crown Bay

---

[2] We have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo," Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018), and its denial of a motion for leave to amend a complaint for abuse of discretion, see Winer Fam. Tr. v. Queen, 503 F.3d 319, 325 (3d Cir. 2007).

4

Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Here, while Janicki reiterates the claims made before the District Court, he fails to challenge or address the basis for the District Court's legal rulings on summary judgment, including but not limited to its in-depth preclusion analysis. Nor does Janicki reference the District Court's futility analysis in denying his motion for leave to amend. Accordingly, he has forfeited any challenge to those determinations.

The two claims Janicki does raise lack merit. First, Janicki asserts that the District Court denied him "an in-person hearing with a jury." 3d Cir. ECF No. 14 at 1. However, summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (citation and quotation marks omitted). Among other reasons, the District Court determined as a matter of law that Janicki's claims were precluded by the Arbitration Award.

It is well established that summary judgment, when properly applied, does not violate the Seventh Amendment right to a jury trial. See In re TMI Litig., 193 F.3d 613, 725 (3d Cir. 1999), amended by 199 F.3d 158 (3d Cir. 2000); see also In re Peterson, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to a trial by jury, unless and

5

except so far as there are issues of fact to be determined."). As Janicki has not challenged the District Court's ruling that the prior state proceedings precluded his claims, the denial of leave to amend, nor otherwise challenged the summary judgment as improper, he has not established that he was entitled to have his civil case presented to a jury.

Next, Janicki suggests that the District Court's ruling against him is the result of bias. He questions whether a call he made to the Judge's chambers on September 19, 2024, prompted the District Court's adverse ruling, which was entered on September 20, 2024. Janicki notes that the timing "was very interesting," and asks if the adverse action was "due to [his] calling." 3d Cir. ECF No. 14 at 2. Such assertions are mere speculation. While the challenged order was entered by the Clerk on September 20, 2024, the docket reflects that it was signed by the District Judge on September 19, the same day as Janicki's call. Viewing the record as a whole, see Ricci, 557 U.S. at 586, there is no rational basis to conclude that the District Court drafted and filed a thorough, 32-page opinion denying relief in response to a telephone call received the same day. Further, "adverse rulings … are not in themselves proof of prejudice or bias." Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015). Janicki's assertion of bias is meritless.

Accordingly, we will affirm the judgment of the District Court.

6