**ATKINSON–BAKER & ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**James G. KOLTS, in his official capacity, Defendant–Appellee.**

No. 93–55336.

United States Court of Appeals, Ninth Circuit.

Submitted Òct. 20, 1993 *.

Decided Oct. 28, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument.  Fed.R.App.P. 34(a); 9th Cir.R. 34–4.  Accordingly, Atkinson–Baker's request for oral argument is denied.

Michael T. Stoller, Besbris, Hollis & Stoller, Los Angeles, CA, for plaintiff-appellant.

Terree A. Bowers, U.S. Atty., Leon W. Weidman, George H. Wu, Asst. U.S. Attys., Los Angeles, CA, for defendant-appellee.

Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.

PER CURIAM:

Atkinson–Baker & Associates, Inc., a court reporting service, appeals the district court's judgment for James G. Kolts in Atkinson–Baker's action seeking declaratory and injunctive relief because Kolts barred Atkinson–Baker from continuing to provide court reporting services in a case over which he served as special master. The district court found that Special Master Kolts was absolutely immune from suit in this instance. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Background

In 1985, the Church of Scientology International, Inc. filed two actions in district court against the Church of the New Civilization alleging various federal statutory claims. The two actions subsequently were consolidated and assigned to District Court Judge James M. Ideman. Noting the complexity of the consolidated action, Judge Ideman appointed James G. Kolts, retired judge of the Los Angeles Superior Court, to serve as special master pursuant to Fed.R.Civ.P. 53. As special master, Kolts was authorized to (1) recommend methods to expedite the litigation, (2) preside over all pretrial matters and, in his discretion, place any hearings on the record, and (3) schedule and preside over all discovery matters. Special Master Kolts initially permitted the moving party to supply a court reporter for hearings on motions. The Church of Scientology consistently selected Atkinson–Baker to provide court reporting services at pretrial hearings.

In May 1991, Jerold Fagelbaum, counsel for Church of the New Civilization, complained to Atkinson–Baker regarding a delay in his receiving a transcript prepared by Atkinson–Baker. At a subsequent hearing, Special Master Kolts also was informed of this delay. In July 1991, Fagelbaum again complained to Atkinson–Baker about a delay in Special Master Kolts' receiving a second transcript. In August 1991, Fagelbaum wrote a letter to the owners of Atkinson–Baker stating that he had learned that they were members of the Church of Scientology and that they had made financial contributions to the church. Fagelbaum also stated that this affiliation created a conflict of inter-

est and that he would object to Atkinson–Baker providing reporting services in the case. A copy of this letter was sent to Judge Ideman and Special Master Kolts. In September 1991, at a subsequent hearing on an unrelated matter, Special Master Kolts acknowledged receiving the letter and discussing the matter with Judge Ideman. Special Master Kolts stated on the record that in light of Fagelbaum's objections to the use of Atkinson–Baker, there was the "potential for someone to claim that there was something wrong with [the] transcript" and that it would be "easy to just simply replace reporters."

On March 3, 1992, at another hearing on an unrelated matter, Earle Cooley, counsel for the Church of Scientology, again used Atkinson–Baker to record the proceedings. At this hearing Fagelbaum restated his objection to the use of Atkinson–Baker. In a subsequent letter to Cooley dated March 11, 1992, Fagelbaum restated his objection to the use of Atkinson–Baker and requested that Cooley and Special Master Kolts agree that all future hearings be recorded by court reporters selected by the special master's office. On March 17, 1992, another unrelated hearing was conducted in the case and Special Master Kolts provided the court reporter. At that hearing, Cooley requested Special Master Kolts to state his reasons why Atkinson–Baker had been "barred from the proceedings." Special Master Kolts responded that he had not barred Atkinson–Baker but that because Fagelbaum had "objected to their reporting and [Cooley had] not agreed and in order to get past this childish bickering," Special Master Kolts himself would select the court reporter.

■ On April 1, 1992, Atkinson–Baker filed the present action against Kolts in his official capacity serving as special master. Atkinson–Baker sought injunctive and declaratory relief alleging that Special Master Kolts' actions violated its First Amendment rights to the free exercise of religion and freedom of association, and its Fifth Amendment rights to equal protection and due process. Atkinson–Baker also moved for a preliminary injunction. The district court consolidated the hearing on the preliminary injunction motion with a trial on the merits. On April 30, 1992, judgment was entered in favor of Special Master Kolts on the ground that he was absolutely immune from Atkin-

son–Baker's action. On May 13, 1992, Atkinson–Baker filed a motion for reconsideration which the district court denied on December 21, 1992. Because Atkinson–Baker's motion for reconsideration tolled the time for appeal, Atkinson–Baker's appeal, filed February 17, 1993 from the merits of the district court's judgment, is timely. *See* Fed.R.App.P. 4(a)(4)(iii).

## II

### Merits

■ Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts. *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388, 1391–92 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges— that is, because they, too, exercise a discretionary judgment as part of their function." *Antoine v. Byers & Anderson, Inc.,* —— U.S. ——, ——, 113 S.Ct. 2167, 2171, 124 L.Ed.2d 391 (1993) (citations and quotations omitted).

■ The Supreme Court has distinguished judicial acts to which absolute immunity necessarily attaches and administrative acts for which such immunity is not available. *See Forrester v. White,* 484 U.S. 219, 229–30, 108 S.Ct. 538, 545–46, 98 L.Ed.2d 555 (1988). Judicial acts are those involving the " 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.' " *Antoine,* —— U.S. at ——, 113 S.Ct. at 2171 (quoting *Burns v. Reed,* —— U.S. ——, ——, 111 S.Ct. 1934, 1946, 114 L.Ed.2d 547 (1991) (Scalia, J., concurring in part and dissenting in part)). Administrative acts are, among others, those "involved in supervising court employees and overseeing the efficient operation of a court." *Forrester,* 484 U.S. at 229, 108 S.Ct. at 545.

■ Although Special Master Kolts was not serving as the presiding judge in the action at issue in this case, as special master he clearly exercised discretionary judgment as part of his function. *See Antoine,* —— U.S. at ——, 113 S.Ct. at 2171. Thus the

doctrine of absolute quasi-judicial immunity can be applied to his actions. *See id.* Having reviewed these actions, we hold that the district court did not err by finding that Special Master Kolts was entitled to absolute immunity. The record clearly demonstrates that a dispute arose between the Church of Scientology and the Church of the New Civilization over the use of Atkinson–Baker as the court reporter. Special Master Kolts' resolution of this dispute by deciding to choose the court reporter independent of the parties was a judicial act for which he is absolutely immune from liability. *See id.; Mullis*, 828 F.2d at 1391–94.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.