67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles R. WILLIAMS; Rhonda Barksdale Williams, Plaintiffs-Appellants,
v.
COUNTY OF RIVERSIDE; Victor Miceli, Judge; Diane S.
Brewer; Ray O. Womack, et al., Defendants-Appellees.
 No. 94-55363.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided Sept. 15, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 ORDER
 The memorandum disposition filed on March 9, 1995, in this matter is withdrawn. The attached memorandum disposition is hereby issued in its place.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rhonda Barksdale Williams and Charles R. Williams ("the Williamses") appeal pro se the district court's dismissal of their 42 U.S.C. Sec. 1983 complaint, without leave to amend, pursuant to Fed.R.Civ.P. 12(b)(6). The Williamses also appeal the district court's order setting aside an entry of default. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo both the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and the decision to abstain under Younger.[1] Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir.1994) (abstention); Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992) (dismissal). We review for abuse of discretion the district court's decision on a motion to set aside an entry of default. O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir.1994), petition for cert. filed, --- U.S.L.W. ---- (U.S. Dec. 12, 1994) (No. 94-7513).
 
 
 4
 * Background
 
 
 5
 In 1987, Lilburn Barksdale died testate, leaving an undivided one-fourth interest in certain real property ("the property") to Rhonda Williams. In December 1990, Superior Court Judge Victor Miceli ("Miceli") heard a partition action in Riverside Superior Court concerning the property. In January 1991, the Superior Court entered a judgment ordering that the property be sold, and appointed a referee. Two successor referees have since been appointed.
 
 
 6
 On December 10, 1993, the Williamses brought this action in district court alleging that Miceli, the County of Riverside, referees Weldon L. Brown Co. ("Brown") and Ray O. Womack ("Womack"), and numerous private parties violated their constitutional rights during the partition action and subsequent appointment of referees. They requested damages and injunctive relief.
 
 
 7
 On January 27, 1994, the district court dismissed all defendants except Brown. On March 21, 1994, the district court ordered entry of default against Brown. The district court granted Brown's motion to set aside the entry of default on May 23, 1994, and dismissed Brown on July 5, 1994. The Williamses timely appeal.[2]
 
 II
 Damages
 A. Judge Miceli
 
 8
 The Williamses contend that Miceli violated the First Amendment when he refused to allow Mr. Williams to speak at a hearing appointing a successor referee and violated the Fourteenth Amendment by treating them differently because they are an interracial couple.
 
 
 9
 Judges are absolutely immune from damage liability for acts performed in their official capacities. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986).
 
 
 10
 Here, the Williamses' allegations concern acts which Miceli performed in his official capacity as a judge. Thus, Miceli is entitled to absolute immunity. Id.
 
 B. Referees Womack and Brown
 
 11
 The Williamses contend that the court-appointed referees violated the Fourteenth Amendment by depriving them of property without due process and by treating them differently because they are an interracial couple.
 
 
 12
 "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges--that is, because they, too, exercise a discretionary judgment as part of their function." Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2171 (1993) (citations and quotations omitted).
 
 
 13
 The Supreme Court has distinguished judicial acts to which absolute immunity necessarily attaches and administrative acts for which such immunity is not available. Judicial acts are those involving the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. Administrative acts are, among others, those involved in supervising court employees and overseeing the efficient operation of a court.
 
 
 14
 Atkinson-Baker & Assocs. v. Kolts, 7 F.3d 1452, 1454 (9th Cir.1993) (per curiam) (citations and quotations omitted).
 
 
 15
 Pursuant to Cal.Civ.Proc.Code Sec. 874.060, referees are given broad powers.
 
 
 16
 Here, the referees were given the authority to manage and sell the property either by public or private sale, and to bring and prosecute all legal actions associated with the sale of real property. The Williamses complain of actions which occurred during the referees' attempts to sell the property pursuant to the partition order, acts which require the exercise of discretionary judgment. Cf. Atkinson-Baker & Assocs., 7 F.3d at 1454. Thus, Womack and Brown are entitled to absolute quasi-judicial immunity.[3] See id.; Antoine, 113 S.Ct. at 2171.
 
 
 17
 C. Crawford, Brewer, Lee, Reid & Hellyer, Al-Anbari, Barksdale and Gould.
 
 
 18
 The Williamses contend that real estate agent James Crawford, opposing parties Lisa Al-Anbari, Carol Gould and Richard Barksdale and attorneys Diane S. Brewer, Steven Lee and Reid & Hellyer, violated the Fourteenth Amendment by depriving them of property, without due process, when they filed a partition action in Riverside Superior Court.
 
 
 19
 To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 20
 Brewer, Lee, Al-Anbari, Barksdale and Gould are private citizens. Reid & Hellyer is a private law firm. Because these defendants were neither state actors nor acting under color of law, they are not amenable to suit under 42 U.S.C. Sec. 1983. See id.; see also Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.) (per curiam), cert. denied, 488 U.S. 995 (1988) (invoking state legal procedures not sufficient to satisfy section 1983's state action requirement).
 
 D. Defendant County of Riverside
 
 21
 The Williamses appear to contend that the County of Riverside is liable for the alleged constitutional violations of Miceli and the court-appointed referees.
 
 
 22
 Municipalities cannot be sued under section 1983 under a respondeat superior theory. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 & n. 58 (1978); Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992). Liability may be imposed on a municipality only if the plaintiff establishes that his or her injuries were inflicted pursuant to an official policy or custom. Id.
 
 
 23
 Here, the Williamses failed to allege an unconstitutional official policy or custom. Thus, the district court properly dismissed the County of Riverside.
 
 III
 Injunctive Relief
 
 24
 The Williamses contend that enforcement of the partition order, including sale of the property, would violate the Fourteenth Amendment because it would deprive them of property without due process. They request that the defendants be enjoined from enforcing the partition order.
 
 
 25
 The Younger abstention doctrine requires that federal courts abstain from enjoining pending state judicial proceedings absent a showing that "the state court action was initiated in bad faith or [that] the challenged state law is flagrantly and patently unconstitutional." Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 n. 2 (9th Cir.1994). "Younger abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." Dubinka, 23 F.3d at 224 (internal quotations omitted). A plaintiff has an "adequate opportunity" to raise federal questions unless "procedural laws bar presentation of the claims." Id. at 223.
 
 
 26
 Here, Younger abstention is appropriate. First, sale of the property pursuant to the partition order was underway when the Williamses filed suit in federal court. Second, a state has an important interest in requiring persons to "transfer property in response to a court's judgment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13 (1987). Third, the Williamses have not shown that state law imposed "procedural barriers to raising the constitutional claims in state court proceedings." Dubinka, 23 F.3d at 224.
 
 
 27
 The Williamses nevertheless contend that federal intervention is appropriate because the alleged constitutional violations occurred because they are an interracial couple. Although the Williamses' allegation that one of the referees referred to Mr. Williams as a "coon" is disturbing, a review of the record shows that the actions of which the Williamses complain are unrelated to racial bias. Mr. Williams was given ample opportunity to state his case in Riverside Superior Court, even though he was not a party to the action and the Williamses' property was being sold after a state court partition order which was based upon a stipulation to which the Williamses agreed. Because the Williamses did not establish bad faith, Younger abstention is appropriate. See Dubinka, 23 F.3d at 224.
 
 
 28
 Finally, as outlined above, because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," Karim-Panahi, 839 F.2d at 623, the district court properly dismissed the Williamses' complaint without leave to amend.
 
 IV
 Entry of Default
 
 29
 Where timely relief from default is sought and the movant has a meritorious defense, a decision on the merits is favored. O'Connor, 27 F.3d at 364.
 
 
 30
 Here, Brown timely sought relief and is entitled to absolute quasi-judicial immunity. Thus, the district court properly set aside the entry of default. See id.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Younger v. Harris, 401 U.S. 37 (1971)
 
 
 [2]
 On August 6, 1994, a two judge panel of this court denied the defendants' motion to dismiss the Williamses' appeal for lack of jurisdiction. Although at the time the Williamses filed their notice of appeal this court lacked jurisdiction pursuant to 28 U.S.C. Sec. 1291 because one defendant remained, this jurisdictional defect was cured when the district court dismissed the remaining defendant. Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 554. (9th Cir.1986), cert. denied, 484 U.S. 822 (1987) (interlocutory order may be treated as a final order when the case is subsequently terminated by the district court)
 
 
 [3]
 Because we affirm the district court's dismissal of the Williams's action based on the grounds discussed above, it is unnecessary to address the district court's alternative grounds for dismissal. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (district court's decision may be affirmed on any grounds supported by the record)