The Honorable Vicki S. Cook Circuit-Chancery Judge, Juvenile Division 18th Judicial Circuit-East Garland County Courthouse 224 Hazel Street Hot Springs, Arkansas 71901
Dear Judge Cook:
This is in response to your request for an opinion on whether the doctrine of "sovereign immunity" would cover a special master whom you appointed to assist the court in a civil chancery court case. The documents enclosed with your request indicate that a special master, (a CPA) was appointed under Rule 53 of the Arkansas Rules of Civil Procedure to assist the court in a lawsuit concerning the dissolution of a partnership. You note that the special master was a great asset to the court, but the documents you enclose indicate that one party to the lawsuit is displeased with the actions of the master, and has filed a complaint with the Arkansas State Board of Public Accountancy containing a number of allegations, some of which refer to "negligence" or "gross negligence" on the part of the master. Your question is therefore whether "sovereign immunity would cover [the master] and shield her from any liability since she was Court appointed and her services were rendered pursuant to a Court order."
In my opinion the special master will in all likelihood be immune from liability for damages arising from any alleged negligence in her handling of her court-assigned duties.[1] This immunity does not arise by virtue of Arkansas Constitution, art. 5, § 20 (the "sovereign immunity" provision), however, but rather, from the common law doctrine of "quasi-judicial immunity" and perhaps also from a state statute relating to the liability of accountants.
The immunity of judges and other individuals performing judicial functions is discussed at 48A C.J.S. Judges § 86-88 as follows:
 As a general rule, a judge is immune from civil liability for acts done in the exercise of his judicial function or capacity, while acting within the scope of judicial jurisdiction; nor is he so liable for neglect or refusal to act. The concept of judicial immunity is deeply rooted in Anglo-American law and recognized at common law. It rests on considerations of public policy, and it is not extended to judges in order to protect them as individuals but to protect the interests of society. Its purpose is to preserve the integrity and independence of the judiciary and to insure that the administration of justice may be independent and based on free and unbiased convictions and not influenced by apprehension of personal consequences.
* * *
 In addition, the rule of judicial immunity extends to individuals performing quasi-judicial functions, to those whose powers and purposes are functionally comparable to that of a judge, and to individuals acting pursuant to a court directive.
48A C.J.S. Judges § 86 and 88 (footnotes omitted and emphasis added.)
It has been stated that: "nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions. Myers v. Morris, 810 F.2d 1437 (8th Cir. 1987). In this regard, the doctrine of quasi-judicial immunity has been applied to special masters appointed by the court to perform functions such as those you describe. See, e.g., Marullo v. N.T.R. Ltd., 1996 R.I. Superior 996,1996 WL 937018 (R.I. 1996) (CPA/attorney appointed as special master under Rule 53 to take evidence, issue an accounting and make preliminary findings would have been entitled to quasi-judicial immunity); Tucker v.Woolery, 99 Md. App. 295, 637 A.2d 482 (1994) (special masters and trustees appointed to determine marital property and debts performed discretionary judicial functions and were therefore entitled to at least qualified judicial immunity from suit for damages in tort); Church ofScientology International v. Kolts, 846 F.Supp. 873 (C.D. Cal. 1994) (special master appointed pursuant to Federal Rule of Civil Procedure 53
was entitled to absolute judicial immunity); Atkinson-Baker Associates, Inc. v. Kolts, 7 F.3d 1452 (9th Cir. 1993) (same); Bostonv. Lafayette County, Miss., 744 F.Supp. 746 (N.D. Miss. 1990) (special master appointed by chancery court to oversee initial mental commitment proceedings was absolutely immune); New Alaska Development Corp. v.Guetschow, 869 F.2d 1298 (9th Cir. 1989) (receiver appointed by state court to take over a husband's business affairs during pendency of a divorce proceeding was entitled to absolute immunity from liability for judicial acts performed); Ashbrook v. Hoffman, 617 F.2d 474 (7th Cir. 1980) (attorneys appointed by court as "partition commissioners" to help divide jointly-owned restaurant after divorce proceeding were immune from suit).
The quasi-judicial immunity doctrine is embedded in English and Amercian common law, and consequently, absent legislative abrogation of the doctrine, is the law of Arkansas. See, e.g., A.C.A. § 1-2-119 (Repl. 1996) (adopting the common law of England). Courts are not in complete agreement as to the extent of the doctrine. Some adhere to an absolute immunity from suit for quasi-judicial officers (see cases above), and some limit the doctrine to non-malicious actions and to strictly judicial as opposed to administrative activities. See, e.g., Tucker v. Woolery,supra. The Arkansas Supreme Court appears to adhere to the absolute immunity rule as long as the actions are within the scope of official duties. See Robinson v. Langdon, 333 Ark. 662, ___ S.W.2d ___ (1998);McCrory v. Johnson, 296 Ark. 231, 755 S.W.2d 566 (1988); and Culpepperv. Smith, supra, n. 1.
It appears that the master in the case you describe was appointed to determine the assets, debts, and status of a partnership and to prepare an audit thereof during the pendency of a lawsuit for dissolution of the partnership. See Order, Garland County Chancery Court No. CIV. 97-475-J (May 9, 1997). These actions clearly involve the exercise of discretion, and Rule 53 of the Arkansas Rules of Civil Procedure grants special masters extensive judicial powers. In my opinion, therefore, the doctrine will attach to shield the master from liability for damages in tort.
In addition, I will note that A.C.A. § 17-12-702 (Repl. 1995), which in most cases limits the liability of certified public accountants to those in privity of contract with them, could operate to provide some immunity under the facts you describe.
It is therefore my opinion that the answer to your question is that the special master will in all likelihood be entitled to immunity from liability for civil damages for actions taken in her capacity as special master.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The documents enclosed with your request relate primarily to the filing of a complaint against the master (also a CPA) with the Arkansas Board of Public Accountancy. The immunity doctrines and provisions discussed in this opinion do not, in my opinion, afford immunity from inquiries made to professional boards. That is, in my opinion such professional entities are free to conduct inquiries into the professional activities of their licensees or members despite any applicable immunity that would shield the individual from liability for damages in tort. Seegenerally Imbler v. Pachtman, 424 U.S. 40-9, 429 (1976) (immunity of prosecutor from liability does not exempt his amenability to professional discipline); Culpepper v. Smith, 302 Ark. 558, 792 S.W.2d 293 (1990) (same); and Deatherage v. Examining Board of Psychology,134 Wash. 2d 131, 948 P.2d 828 (1997) (expert witness not immune to disciplinary action although immune from civil liability).