[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11911
Non-Argument Calendar

_____

D. C. Docket No. 04-00141-CV-CAR-5

DON P. WILSON,

Plaintiff
Counter-Defendant
Appellant,

versus

WILSON BUSH, in his individual and official
capacity,

Defendant
Counter-Claimant
Appellee,

KEVIN WANGERIN, in his individual and official
capacity, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 8, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Don P. Wilson, proceeding pro se, appeals the district court's orders granting summary judgment to Wilson Bush and dismissing Byrd Garland, Ben Miller, Kevin Wangerin, and Tommy Wilson (collectively, the "judge-defendants"), in this civil rights action under 42 U.S.C. § 1983, and civil Racketeer Influenced and Corrupt Organizations (RICO) action under 18 U.S.C. § 1964. In his complaint, Wilson claimed that Bush, an attorney representing a third party, had filed a quiet-title action in Georgia state court and had served him by publication rather than by personal service. Wilson's claims against the other defendants, all of whom were state court judges or special masters, were based on orders they had issued in that quiet-title action.

The district court granted the judge-defendants' motion to dismiss, finding that absolute judicial immunity barred Wilson's claims against them. Subsequently, the district court granted Bush's motion for summary judgment and denied Wilson's cross-motion for summary judgment, finding that Bush did not act under color of state law when he filed the quiet-title action on behalf of his client. The court also found that Wilson failed to show that Bush engaged in a "pattern of racketeering activity" as required for a civil RICO action because Wilson only alleged one predicate act by Bush.

I.

We first address the district court's order granting summary judgment to Bush. Wilson contends that Bush violated his due process rights by intentionally serving him via publication in the quiet-title action even though he knew where Wilson was at the time and could have personally served him. He argues that Bush acted in concert with state actors by using the state court system to steal his property. Wilson also contends that Bush's actions constituted a pattern of racketeering activity in violation of RICO.

We review de novo the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001). "Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Id. at 1277.

In order to prevail in a § 1983 action, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for

3

a private party to be considered a state actor one of three conditions must be met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state ("public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted).

In this case Bush was acting as attorney for a private party when he filed a quiet-title action on behalf of his client. None of the three conditions required to hold private parties liable as state actors is met, and Bush is not a state actor, as required for an action filed pursuant to § 1983. Thus the district court properly granted summary judgment to Bush on this claim.

As for Wilson's RICO claim, the four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000). "Plaintiffs in such an action must identify and prove a pattern of racketeering activity, defined as two 'predicate acts' of racketeering activity within a [ten] year period." Id. at 1311–12 (citing 18 U.S.C. § 1961(5)). "Racketeering activity" includes any act which is indictable under a long list of criminal offenses given in the RICO Act. Id. at 1312; 18 U.S.C. § 1961(1).

4

Wilson failed to allege that Bush engaged in any act found on the enumerated list of predicate acts which constitute racketeering activity. Additionally, only one of the alleged "predicate acts"—Bush's intentional service by publication—is actually attributable to Bush; therefore, there is no "pattern of racketeering activity." The district court correctly granted summary judgment to Bush on this claim as well.

## II.

Wilson also contends that the district court erred in dismissing the judge-defendants. We review <u>de novo</u> the grant of a motion to dismiss, taking as true the facts as alleged in the complaint. <u>Doe v. Pryor</u>, 344 F.3d 1282, 1284 (11th Cir. 2003). A motion to dismiss is proper only "when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Spain v. Brown & Williamson Tobacco Corp.</u>, 363 F.3d 1183, 1187 (11th Cir. 2004) (internal quotations omitted).

The doctrine of judicial immunity entitles a judge to absolute immunity from damages for actions taken in a judicial capacity unless the action was taken in the "clear absence of all jurisdiction." <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000). To determine if an action is within a judge's judicial capacity, we look to "the nature of the act itself, <u>i.e.</u>, whether it is a function normally performed by a judge, and to the expectations of the parties, <u>i.e.</u>, whether they dealt with the judge

5

in his judicial capacity." Mireles v. Waco, 502 U.S. 9, 12, 112 S. Ct. 286, 288 (1991) (citation omitted). A judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but rather only when he acts without subject-matter jurisdiction. Dykes v. Hosemann, 776 F.2d 942, 947–48 (11th Cir. 1985). The Supreme Court has held that:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

Pierson v. Ray, 386 U.S. 547, 553–54, 87 S. Ct. 1213, 1217–18 (1967) (internal quotations omitted).

Wilson's claim against the judge-defendants is based on the orders that they entered in the state quiet-title action. Wilson contends that the judge-defendants conspired with Bush and entered unlawful orders. Entering a judgment or order is a quintessential judicial function and immunity attaches to it. "This immunity applies even when the judge is accused of acting . . . corruptly." Pierson, 386 U.S. at 554, 87 S. Ct. at 1218. Wilson's claims are based on allegations that the judges acted corruptly and conspired with Bush and not that they acted in the absence of

6

all jurisdiction. The district court properly found that judicial immunity shields them from suit.

Although this Court has not addressed the question of whether a special master is entitled to judicial immunity, we readily conclude that this immunity also extends to defendant Garland for the orders he entered as a special master in the state quiet-title action. When he entered those orders, Garland was performing a judicial function and he is entitled to immunity for those actions. See Atkinson-Baker & Assoc., Inc. v. Kolts, 7 F.3d 1452, 1454–55 (9th Cir. 1993); see also Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436, 113 S. Ct. 2167, 2171 (1993) ("When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges–that is, because they, too, exercise a discretionary judgment as a part of their function.") (internal quotation marks omitted).

**AFFIRMED.**