**William HOWE, et al., Plaintiffs,**

v.

**The CITY OF AKRON, Defendant.**

**Case No. 5:06–CV–2779.**

United States District Court, N.D. Ohio, Eastern Division.

Signed April 8, 2014.

Christy B. Bishop, Dennis R. Thompson, Thompson & Bishop, Akron, OH, Barbara Kaye Besser, Stuart G. Torch, Elfvin & Besser, Bruce B. Elfvin, Cleveland, OH, Edward R. Forman, John S. Marshall, Marshall & Morrow, Columbus, OH, for Plaintiffs.

Aretta K. Bernard, Roetzel & Andress, Patricia C. Ambrose–Rubright, Cheri B. Cunningham, Michael J. Defibaugh, Department of Law, Karen D. Adinolfi, Roetzel & Andress, Akron, OH, Irene C. Keyse–Walker, Karen E. Ross, Jon W. Oebker, Tucker Ellis, Benjamin C. Sasse, Cleveland, OH, for Defendant.

### *ORDER OF APPOINTMENT*

JOHN R. ADAMS, District Judge.

On March 27, 2014, the Court entered an Order granting Plaintiffs' motion for a permanent injunction. *See Injunction Order* at 6–9 (docket no. 643) (setting out injunctive relief). In the *Injunction Order,* the Court also stated its intention to appoint a Court Monitor to ensure, among other things, defendant City of Akron's compliance with its obligations. *Id.* at 10–12. The Court gave the parties 10 days to file objections to the Court's plan to appoint a Monitor. No party filed any objection.

Accordingly, the parties having had notice and an opportunity to be heard, and with the consent of the parties, the Court now appoints as Court Monitor David R. Cohen, Esq., of the following law firm:

David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216–831–0001 tel
866–357–3535 fax
E–Mail: david@specialmaster.biz

This appointment is made pursuant to Fed.R.Civ.P. 53 and the inherent authority of the Court.[1] As Rule 53 requires, the

---

1. "Beyond the provisions of [Fed.R.Civ.P. 53] for appointing and making references to [Monitors and] Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Schwimmer v. United States,* 232 F.2d 855, 865 (8th Cir.1956) (quoting *In re: Peterson,*

Court sets out below the duties and terms of the Monitor and reasons for appointment, and orders the Monitor to "proceed with all reasonable diligence," Rule 53(b)(2).

## I.  Rule 53(b)(2).

Rule 53 requires an order of appointment to include certain contents. *See* Fed. R.Civ.P. 53(b)(2). The following discussion sets forth the matters required.

### A.  Monitor's Duties.

Rule 53(a)(1)(A) states the Court may appoint a Monitor to "perform duties consented to by the parties." In addition, Rule 53(a)(1)(C) states the Court may appoint a monitor to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." The Court has reviewed legal authority addressing the duties of a Monitor that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution.[2] Consistent with this legal authority, the currently-anticipated needs of the Court, and the parties' consent, the Court states that the Monitor shall have the authority to perform the following duties.[3]

- Carry out all responsibilities and tasks assigned to the Monitor in the *Injunction Order* and any future orders of the Court.

- Monitor and report upon the City's compliance with its obligations under the *Injunction Order*, as well as any other orders of the Court or rulings by the Monitor.

- Oversee the development and administration of a new examination to be used by the City as part of its process to promote firefighters; and oversee the promotion process used by the City thereafter, including its use of the results of the new examination.

- Issue any rulings the Monitor believes will facilitate the City's timely compliance with the terms of the *Injunction Order*, as well as compliance with any other orders of the Court or rulings by the Monitor.

- Facilitate the parties' resolution of any disputes concerning compliance with the *Injunction Order*, and compliance with any other orders of the Court or rulings by the Monitor, without the Court's intervention; and recommend appropriate action by the Court in the event an issue cannot be resolved by the parties with the Monitor's assistance. The Monitor may authorize and

253 U.S. 300, 311, 40 S.Ct. 543, 64 L.Ed. 919 (1920)); *see Ruiz v. Estelle*, 679 F.2d 1115, 1161 n. 240 (5th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (same); *Reed v. Cleveland Bd. of Educ.*, 607 F.2d 737, 746 (6th Cir.1979) (the authority to appoint "expert advisors or consultants" derives from either Rule 53 or the Court's inherent power).

**2.**  *See, e.g., United States v. City of New York*, 2011 WL 6131136 (E.D.N.Y. Dec. 8, 2011) (invoking Rule 53 and appointing a Court monitor in circumstances similar to those in this case).

*See also* Fed.R.Civ.P. 53, advisory committee's notes, 2003 amendment (discussing the

range of duties and authority of a Monitor or Special Master and noting appointment posttrial "is appropriate when a complex decree requires complex policing, particularly when a party has proved resistant or intransigent. * * * The [Monitor's] role in enforcement may extend to investigation in ways that are quite unlike the traditional role of judicial officers in an adversary system.").

**3.**  This list is meant to be illustrative, not comprehensive. The Court may amend this Order to add additional duties. The Court also listed certain basic duties of the Monitor in the *Injunction Order*.

oversee discovery by plaintiffs directed at ensuring the City is pursuing and achieving compliance, as well as discovery necessary to resolve disputes related to compliance with any orders of the Court or rulings by the Monitor.

- Investigate proactively any matters related to the Monitor's duties, and enforce any orders related to the matters set forth in the *Injunction Order*, as well as any other orders of the Court or rulings by the Monitor.
- Hire staff, expert consultants, and outside counsel (at hourly rates not to exceed those charged by the Monitor) as may be necessary to assist the Monitor in performing his duties. The Monitor shall incur only such fees and expenses as may be reasonably necessary to fulfill the Monitor's duties under the *Injunction Order*, or such other orders as the Court may issue.
- Make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to these proceedings.
- Communicate with parties and attorneys as needs may arise in order to permit the full and efficient performance of these duties.
- File a status report with the Court at least once every 90 days. This status report shall include assessment of the parties' efforts, any barriers to the City's compliance, and potential areas of noncompliance.

### B. Communications with the Parties and the Court.

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the [Monitor] may communicate ex parte with the court or a party." The Monitor may communicate ex parte with the Court at the Monitor's discretion, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters only. The Monitor may communicate ex parte with any party or his attorney, as the Monitor deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of any dispute related to this case. The Monitor shall not communicate to the Court any substantive matter the Monitor learned during an ex parte communication between the Monitor and any party.

### C. Monitor's Record.

Rule 53(b)(2)(c) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [Monitor's] activities." The Monitor shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. If the Court asks the Monitor to submit a formal report or recommendation regarding any matter, the Monitor shall submit such report or recommendation in writing, for filing on the case docket. The Monitor need not preserve for the record any documents created by the Monitor that are docketed in this or any other court, nor any documents received by the Monitor from counsel or parties in this case.

### D. Review of the Monitor's Rulings.

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the [Monitor's] orders, findings, and recommendations." The Monitor shall either: (1) reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the

case docket via Electronic Case Filing ("ECF"); or (2) issue any formal order, finding, report, ruling, or recommendation on the record before a court reporter. Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Monitor within 14 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Monitor's orders, findings, reports, rulings, or recommendations.[4] Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Monitor shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

If the Monitor issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute[5]) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Monitor to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply.

As provided in Rule 53(f)(4, 5), the Court shall decide de novo all objections to conclusions of law made or recommended by the Monitor; and the Court shall set aside a ruling by the Monitor on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Monitor enters an order, finding, report, ruling, or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects pursuant to the Rules and within the 14 calendar day time period set forth herein; *see* Rule 53(f)(3). Failure to meet this deadline results in permanent waiver of any objection to the Monitor's findings of fact.

### E. Compensation.

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [Monitor's] compensation;" *see also* Rule 53(g) (addressing compensation). The Monitor shall be compensated at his current rate of $395 per hour, with defendant City of Akron bearing this cost. Normal annual increases to this rate of compensation shall be calculated by reference to the Laffey Index.[6] The Monitor shall incur only such fees and expenses as may be reasonably necessary

---

4. Rule 53(f)(2) provides that parties may file objections "no later than 21 days after a copy of the [monitor's order, report, or recommendations] is served, unless the court sets a different time." The Court chooses to set a period of 14 calendar days in order to expedite final resolution of matters formally reported upon by the Monitor. Motions for extensions of time to file objections will not normally be granted unless good cause is shown. The Monitor may, however, provide in his order, finding, report, or recommendation that the period for filing objections to that particular document is some period long-

er than 14 calendar days, if a longer period appears warranted.

5. This procedure shall apply if the Monitor issues an informal decision to withhold approval before a party may undertake an action, or imposes conditions upon approval, or grants approval.

6. *See* www.laffeymatrix.com/see.html. Annual increases will be limited to the *percentage* increases shown in the Laffey Matrix, not the *numerical* increases.

to fulfill his duties under this Order, or such other Orders as the Court may issue. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

**Within fourteen (14) days of the date of this Order, the City is required to deposit $50,000 into the Court's registry for payment of the Monitor.** The Court directs the Clerk to deposit the funds received into the registry.

From time to time, on approximately a monthly basis, the Monitor shall file *under seal* an Itemized Statement of fees and expenses (not to include overhead). The Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. The Monitor shall file with the Itemized Statement a Summary Statement, which shall list only the total amount billed, *shall not be filed under seal,* and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and direct the Clerk to remit payment to the Monitor. The Court will require additional deposits from the City into the registry as necessary.

### F.   Other Matters.

### 1.   Affidavit.

Rule 53(b)(3)(A) notes that the Court may enter an Order of appointment "only after the [monitor] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Rule 53(a)(2) (discussing grounds for disqualification). The Monitor has filed the required affidavit. *See* docket no. 645.

### 2.   Cooperation.

The parties and their counsel, including their successors in office, agents, and employees, shall: (a) provide full cooperation to the Monitor, and any staff or consultant employed by the Monitor; and (b) observe faithfully the requirements of the *Injunction Order* and any other orders of the Court and rulings by the Monitor. The Parties shall timely comply with rulings of the Monitor issued pursuant to this Order. Pursuant to Rule 53(c)(2), the Monitor may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Monitor (and those working at his or her direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[7]

### 3.   Access to Information.

The Monitor shall have access, on short notice, to individuals, information, documents, materials, programs, services, facilities, and premises under the control of the City that the Monitor requires to perform his duties.

The City shall designate persons responsible for handling inquiries by the Monitor, which persons' duties shall include taking calls from the Monitor and promptly responding to the Monitor's communications. The City shall provide the Monitor with those persons' names, telephone numbers, and workplace electronic mail addresses,

---

7.   *See, e.g., Atkinson–Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452, 1454–55 (9th Cir.1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).

which list shall be promptly updated as necessary.

The Monitor may compel the City to make available, on short notice, any elected or appointed officials, managers, employees, volunteers, paid or unpaid interns, independent contractors, or other agents of the City; as well as any person or entity over which any of the foregoing exercise direct or indirect control because of their affiliation with the City, or any person or entity acting in concert or participation with any of the foregoing, to be interviewed or deposed at the discretion of the Monitor.

The parties will make readily available to the Monitor any and all facilities, files, databases, and documents necessary to fulfill the Monitor's functions under this Order.

The Monitor may require periodic reports from any party regarding the City's compliance with and implementation of the *Injunction Order* and any other orders of the Court or rulings by the Monitor, in a format specified by the Monitor, as reasonably required to enable the Monitor to perform all assigned duties.

**IT IS SO ORDERED.**