**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3885
_____

MODESTA M. MEZA-ROLE; ELOY A. ROLE,

v.

RICHARD PARTYKA

ELOY A. ROLE,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:11-cv-02307)
District Judge: Honorable Esther Salas
_____
_____

No. 12-4008
_____

MODESTA M. MEZA-ROLE; ELOY A. ROLE,

v.

RICHARD PARTYKA

MODESTA M. MEZA-ROLE,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:12-cv-01879)
District Judge:  Honorable Esther Salas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed : April 4, 2013)
_____

OPINION
_____

PER CURIAM

Modesta M. Meza-Role and Eloy A. Role,[1] proceeding pro se, appeal the dismissal of their complaints by the United States District Court for the District of New Jersey.  For the following reasons, we will affirm both dismissals.

I.

**A.      C.A. No. 12-3885**

Appellants filed a complaint alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(a), which the District Court sua sponte dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a).  The District Court gave Appellants leave to file an amended complaint, but that new complaint, alleging the same violations of the FHA and a violation of the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann.

---

[1] For the sake of convenience, we refer in the text simply to Appellants, without making clear in every instance that our review has been sought only by one appellant in each of the two appeals.  Furthermore, Appellants have raised the same issues in both appeals.

§ 10:5-1, was also dismissed without prejudice under Rule 8(a).  The District Court gave Appellants a final opportunity to amend and provided specific instructions on what to include.

Appellants' second amended complaint, again bringing claims under the FHA and the LAD, also alleged that Partyka had violated the covenant of habitability and disregarded Appellants' civil rights.  The District Court dismissed Appellants' FHA claims with prejudice for non-compliance with Rule 8(a), declined to exercise supplemental jurisdiction over their LAD claim, and dismissed the other claims without prejudice.  Although the District Court provided Appellants time to file a third amended complaint to cure the deficiencies of their civil rights and covenant of habitability claims, they did not do so, and the District Court later dismissed those claims with prejudice. Role timely filed this appeal.

**B.      C.A. No. 12-4008**

Appellants' complaint alleged the same claims as their second amended complaint in Civ. No. 2:11-cv-02307. The District Court, applying the doctrine of res judicata, dismissed all but the LAD claim with prejudice.  Meza-Role timely filed this appeal.

II.

We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.  We review the District Court's dismissal under Fed. R. Civ. P. 8(a) for abuse of discretion, In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996), but exercise plenary review

3

over its application of res judicata, see Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

## III.

First, we cannot agree that the District Court abused its discretion by not entering default judgment against Partyka.[2]  We consider three factors to determine whether default judgment should be granted: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct."  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Here, no evidence of bad faith or dilatory motive exists.  The docket in Civ. No. 2:11-cv-02307 reflects that Partyka filed various documents, including an answer to Appellants' first complaint.[3]

Appellants next assert that the District Court abused its discretion because Partyka committed fraud upon the Court by presenting a lease agreement containing Meza-Role's allegedly forged signature in a state-court proceeding.  However, we cannot understand

---

[2] Appellants only filed requests for default judgment in Civ. No. 2:11-cv-02307.

[3] Even if Partyka had not filed responsive pleadings, the District Court's decision not to enter default judgment did not prejudice Appellants.  As discussed below in the text, the District Court properly dismissed Appellants' second amended complaint for failure to comply with both its previous instructions and Fed. R. Civ. P. 8(a).

4

how this is clear and convincing evidence that Partyka engaged in fraud upon the District

Court.[4]  See Herring v. United States, 424 F.3d 384, 387 (3d Cir. 2005).

Finally, Appellants argue that the District Court terminated their suits for no

reason.[5]  Even taking into account Appellants' pro se status, we agree that their second

amended complaint in 2:11-cv-02307 failed to comply with basic pleading requirements.

This complaint lacked "short and plain statement[s] . . . showing that [they are] entitled to

relief" for their FHA claims.  Fed. R. Civ. P. 8(a).  As the District Court noted throughout

its analysis on pages three through nine of its opinion, Appellants did not include

sufficient factual content allowing for a "reasonable inference that the defendant is liable"

for violating the FHA.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The District Court

provided Appellants two opportunities to comply with Rule 8 and gave instructions as to

what to include in a proper complaint; however, Appellants failed to follow them.

Appellants also failed to comply with the basic pleading requirements for the two

new claims introduced in the second amended complaint.  First, Appellants did not

provide any legal or factual support for their claim alleging a violation of the covenant of

habitability.  They also failed to allege how Partyka, a private landlord, acted under color

---

[4] Furthermore, to the extent Appellants assert that the District Court erroneously denied their motions for summary judgment as moot, their claims are meritless.

[5] Appellants also argue that the District Court violated their Seventh Amendment right to a jury trial; however, "[n]o one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979) (quoting Ex parte Peterson, 253 U.S. 300, 310 (1920)) (internal quotation marks omitted).

of state law so as to deprive them of their civil rights. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). The District Court provided an opportunity to file an amended complaint for these two allegations; however, Appellants did not do so. Accordingly, the District Court did not abuse its discretion by later dismissing these claims with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The District Court also properly invoked res judicata to dismiss Appellants' federal claims in Civ. No. 2:12-cv-01879. A litigant is precluded from raising a claim where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus. Inc., 746 F.2d 977, 983 (3d Cir. 1984). Here, the District Court's dismissal of Appellants' FHA claims with prejudice in Civ. No. 2:11-cv-02307 was a final adjudication on the merits.[6] See Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972). Appellants named Partyka as the defendant in both actions. Finally, both actions involved the same causes of action, as the "underlying events giving rise to [Appellants'] various legal claims" were sufficiently similar. Churchill v. Star Enter., 183 F.3d 184, 194 (3d Cir. 1999) (internal quotations omitted).

---

[6] Although Role's appeal in No. 12-3885 was clearly still pending when the District Court entered judgment in Civ. No. 2:12-cv-01879, "the pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment." United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009). No situation where "early application of res judicata . . . create[s] later problems [when] a first judgment, relied on in a second proceeding, is reversed on appeal" exists here. Id. (citing 18A Wright et al., Federal Practice and Procedure § 4433 at 71 (2d ed. 2002).

IV.

For the foregoing reasons, we will affirm the District Court's dismissal of

Appellants' complaints.[7]  We deny Appellants' two motions, one filed in each appeal, to

stay No. 12-4008 pending the disposition of No. 12-3885.

---

[7] The District Court declined to exercise supplemental jurisdiction over the state-law LAD claim brought in Civ. No. 2:11-cv-02307.  Given that the District Court properly dismissed Appellants' federal claims, it clearly acted within its discretion in declining to hear his LAD claim.  See Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).  The District Court appropriately dismissed Appellants' LAD claim without prejudice to Appellants' ability to pursue that claim in state court.  We express no opinion on the merits of this claim.