**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL HOSEA,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>MICHAEL B. DONLEY, Secretary of the US Air Force,<br><br>        Defendant - Appellee. | No. 13-15138<br><br>D.C. No. 5:11-cv-02892-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Nathaniel Hosea appeals the district court's grant of summary judgment in

favor of the Air Force in his employment action based on discrimination,

retaliation, and hostile work environment. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.  Because the parties are familiar with the history of the case, we need not recount it here.

I

We review de novo a district court's decision to grant summary judgment. *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

A

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

The plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  "Specifically, the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

If the plaintiff can establish a prima facie case, the burden "then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the

2

challenged action. If the employer does so, the plaintiff must show that the articulated reason is pretextual." *Chuang*, 225 F.3d at 1123–24 (internal citation omitted).

The Air Force does not dispute that Hosea can satisfy the first three elements of a prima facie case. We conclude Hosea can also satisfy the fourth element. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). Here, Michael Olive was similarly-situated to Hosea because both were security guards at Onizuka, and both were involved in the July 7 incident at the main gate, each accusing the other of being the aggressor. Unlike Hosea, Olive is Caucasian and was not reprimanded or restricted from carrying a firearm. "At summary judgment, the degree of proof necessary to establish a prima facie case is minimal and does not even need to rise to the level of a preponderance of the evidence." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Thus, viewing the evidence in the light most favorable to Hosea, the district court properly determined that Hosea demonstrated that a similarly-situated individual outside of his protected class was treated more favorably.

The Air Force, however, articulated a legitimate, nondiscriminatory reason for its actions against Hosea where he was involved in the incident with Olive

3

while he had guns in his vehicle, disobeyed Olive's directive to move his vehicle, yelled irately at shift supervisor Melony Whitecloud, stated she "must pay," and referenced a shooting incident at another military installation. The record shows that Hosea's supervisors relied on these events when deciding to issue a firearm restriction, ban Hosea from the base, and ultimately terminate him.

The burden then shifted to Hosea to show that these reasons were pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Chuang*, 225 F.3d at 1124 (internal quotation marks omitted). The district court correctly determined that Hosea failed to meet his burden of establishing pretext where his references to discriminatory motive are neither specific nor substantial and he did not show that the Air Force's proffered explanation is unworthy of credence given the escalation of his behavior throughout the relevant six days.

B

To state a prima facie case of retaliation under Title VII, "a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two. Thereafter, the burden of production shifts to the employer to present legitimate reasons for the adverse employment action.

4

Once the employer carries this burden, plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

The district court correctly concluded that Hosea failed to show a causal link between his reporting, workers' compensation, and EEOC activities and his termination. None of the evidence supports his contention that his termination was motivated by these activities. Instead, the record evidence supports the conclusion that he was terminated for the events that transpired on July 7 through 12, 2010.

C

"To state a prima facie case under the Rehabilitation Act, a plaintiff must demonstrate that (1) [he] is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of [his] disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). An individual has a "disability" if he has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000) (holding that the standards provided by the Americans with Disabilities Act apply to claims under the Rehabilitation Act).

The district court correctly determined that Hosea failed to establish that he had a disability because his doctors found him only temporarily unable to work based on acute work related stress from July 13, 2010, through September 25, 2010. There is no evidence that Hosea suffered long-term or permanent impairment due to work-related stress. As the district court held, "[t]emporary psychological impairment without evidence of residual effects is not a disability in this context. *Sanders v. Arneson Prods.*, 91 F.3d 1351, 1354 (9th Cir. 1996)." Moreover, there is no evidence that the Air Force terminated Hosea because of his inability to work due to stress.

D

"To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez*, 349 F.3d at 642. "The working environment must both subjectively and objectively be perceived as abusive." *Id.* (alteration omitted).

The district court properly determined that Hosea failed to establish a prima facie case of hostile work environment. The conduct of his supervisors could not

6

be perceived as abusive, and Hosea did not present evidence that any conduct he perceived as harassment was sufficiently severe or pervasive.

## II

Hosea argues the district court improperly denied his motion to appoint counsel. However, Hosea appealed the district court's denial of his motion to appoint counsel on July 28, 2011, and we affirmed the denial. *Hosea v. Donley*, 474 Fed. App'x 617 (9th Cir. July 13, 2012). Thus, we will not reconsider this issue. *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991).

## III

Hosea argues the district court violated his due process rights by removing or tampering with his evidence and granting the Air Force summary judgment, apparently with the goal of depriving him of a jury trial. His argument is unsupported, undeveloped, and without merit. *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996) (issue waived by failing to present argument or pertinent authority to support contentions); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (summary judgment under Federal Rule of Civil Procedure 56 is consistent with due process); *In re Peterson*, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined.").

**AFFIRMED.**