BLD-076                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3677
_____

MARIELIZ MONCLOVA,
                                        Appellant

v.

US BANK NA, As trustee, on behalf of the holders of the CSMC Mortgage-Backed pass-
through certificates series 2007-I; RESIDENTIAL HOME FUNDING CORP, A New
York Corporation; DOES 1 THROUGH 100, Inclusive
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-07383)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect and
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 12, 2017)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Marieliz Monclova appeals the District Court's orders dismissing her complaint and denying her motion for reconsideration. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

According to Monclova's complaint and the documents she attached to it, she obtained a mortgage loan from Residential Home Funding Corporation (RHF) in 2006. RHF later assigned the mortgage to CSMC Mortgage-Backed Trust, for which U.S. Bank National Association serves as trustee. U.S. Bank eventually initiated a foreclosure action, and a New Jersey state court granted judgment in its favor. The property was apparently sold in a sheriff's sale.

Monclova brought an action in the District Court against RHF and U.S. Bank, raising a variety of claims. Among other things, she alleged that RHF had failed to disclose the essential terms of the loan, did not give proper notice of the assignment to U.S. Bank, and engaged in fraud, and that U.S. Bank had improperly securitized the mortgage and did not perfect its ownership of the mortgage loan. Monclova sought to set aside the foreclosure judgment and requested money damages. The defendants filed motions to dismiss. The District Court granted the motions, concluding that the claims were barred by the Rooker-Feldman doctrine, see D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), res judicata, or otherwise

2

without merit. Monclova filed what we construe as a motion under Fed. R. Civ. P. 59(e), which the District Court also denied, and Monclova filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review over the District Court's dismissal order, see Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and review its denial of the Rule 59(e) motion for abuse of discretion, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's analysis of this case. To the extent that Monclova claimed that she was harmed by the foreclosure proceedings — and this describes the majority of her claims — her claims are barred by the Rooker-Feldman doctrine. That doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal alterations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, the New Jersey courts granted judgment to U.S. Bank in the foreclosure proceedings; Monclova argues that she was injured by this judgment; the foreclosure preceded the federal action; and Monclova explicitly asked the District Court to overrule

the state-court order.  Accordingly, insofar as Monclova challenges the foreclosure order, her claims are barred by the <u>Rooker-Feldman</u> doctrine.  <u>See generally</u> <u>In re Madera</u>, 586 F.3d 228, 232 (3d Cir. 2009); <u>Crawford v. Countrywide Home Loans, Inc.</u>, 647 F.3d 642, 646-47 (7th Cir. 2011).

Monclova's complaint can also be read to contain claims concerning harm caused by the defendants, not the state-court judgment, which would not be barred by <u>Rooker-Feldman</u>.  <u>See</u> <u>Great W. Mining & Mineral Co.</u>, 615 F.3d at 167.  However, these claims — including those challenging the validity of RHF's mortgage and the legitimacy of the assignment to U.S. Bank — are barred by New Jersey's preclusion doctrines because they could have been raised in the foreclosure proceedings.  <u>See</u> <u>Rycoline Prods., Inc. v. C & W Unlimited</u>, 109 F.3d 883, 885-87 (3d Cir. 1997) (discussing New Jersey's doctrines); <u>Delacruz v. Alfieri</u>, 145 A.3d 695, 708 (N.J. Super. Ct. App. Div. 2015) ("Claims or defenses that went to the validity of the mortgage, the amount due, or the right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred.").  Further, even if Monclova could potentially state a claim that is barred by neither <u>Rooker</u>-<u>Feldman</u> nor New Jersey's preclusion doctrines, we agree with the District Court that her conclusory allegations have not raised any such "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).[1]

---

[1] Given the failings of Monclova's complaint and the fact that the documents she filed in the District Court give no indication that she can cure its deficiencies, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District

4

Finally, we conclude that the District Court did not err in denying Monclova's Rule 59(e) motion. She complains that her case was decided without a jury trial, but her claims failed as a matter of law, and "[n]o one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979) (quoting Ex parte Peterson, 253 U.S. 300, 310 (1920)). Nor do we perceive any other valid ground for reconsideration in Monclova's motion. See generally Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Accordingly, we will summarily affirm the District Court's judgment.

---

Court did not err in dismissing the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).